## JOHNS v. STATE.

[95 South. 84. No. 23071.]

1. CRIMINAL LAW. *Where two or more persons robbed at the same time, separate offenses, and acquittal in one case is not bar to a prosecution in another.*

Where two or more persons are robbed at the same time, in one transaction, each robbery constitutes a separate and distinct offense, and an acquittal of robbery in one case is not a bar to a prosecution in the second case.

2. CRIMINAL LAW. *Error to allow witness to state conclusion that automobile of defendant made tracks near scene of crime.*

Where a case is very close upon the facts, it is reversible error to allow a witness to state that the automobile of the defendant is the one that made the tracks near the scene of the robbery. The witness should state the facts relating to the tracks, describing the peculiarities of the tracks. It is a question, then, for the jury to state whether or not the car in evidence made the tracks described by the witness.

APPEAL from circuit court of Tate county.

HON. GREEK L. RICE, Judge.

Willie Frank Johns was convicted of robbery, and he appeals. Reversed and remanded.

*J. F. Dean,* for appellant.

It has been repeatedly held that if a man takes from different owners, different things from different rooms of the same house, at as nearly as possible the same time, that this is but one larceny, but one criminal intent, but one asportation. *Nichols* v. *Com,* 78 Ky. 180. That robbery was one entire transaction just as much as it would have been if the robber had, in the absence of the owners of the money, gone into that house and ransacked the different rooms and had taken, stolen and carried away the money of each of the men robbed. This would have constituted but one larceny and if he had been tried and acquitted of the larceny of Tate Gabbert's money, he could have plead the acquittal in bar of any other prosecution for taking the money of Johnson. What difference can there be in principle? I call the court's attention especially to *Hudson* v. *State,* 9 Texas, Ct. App. 151, 35 Am. Rep. 732, in which the defendant was charged with the larceny of several articles of different owners, in different rooms of the same house. He was tried for the larceny of one article belonging to one person and was convicted. Upon an indictment alleging the larceny of a different article, from a different person, on the same occasion, he plead former conviction as a bar and the court held the plea good, citing numerous authorities. See, also, *Fisher* v. *Com,* 89 Am. Dec. 620, in this case there were two indictments, one for stealing a horse belonging to one man and another for stealing a wagon and harness belonging to another man. The court said: "We do not regard the two indictments for different grades of the same offense, nor for different and independent offenses but different offenses arising out of one and the same transaction having most of their constituent elements in common with each other, either of which may have been the subject of conviction by proving the entire transaction, and yet one of them having resulted in either a conviction or an acquittal, no conviction could be had as to the other without reproducing the same transaction in evidence."

Where defendant uttered four forged checks purporting to have been signed by four different persons, at the same time, there was but one offense. *State* v. *Egglesht,* 41 Iowa, 574, 20 Am. Rep. 612; *Deshazo* v. *State,* 65 Ark. 38; *Lindsay* v. *State,* 61 N. C. 468. Only substantial identity is essential to support a plea of former jeopardy. So. Rep., Oct. 16, 1922, Vol. 93, page 95. No narrow nor illiberal construction should be given to the words of the fundamental law in which they are embodied. *Ex parte Lange,* 21 U. S. Law Ed. 879.

Again I say that defendant has been tried and acquitted for everything that occurred at Tate Gabbert's on the night of March 25, 1922, and to hold otherwise is to place a narrow and illiberal construction on the words of the fundamental law in which they are imposed. This court must be exceedingly technical to hold otherwise. See, also, *Glem* v. *State,* 13 Am. Rep. 369; *State* v. *Hennsey,* 13 Am. Rep. 253; *Commonwealth* v. *Robinson,* 30 Am. Rep. 674; *Wilson* v. *State,* 23 Am. Rep. 603; *Quitzau* v. *State,* 28 Am. Rep. 386; *Dottson* v. *State,* 93 So. 579.

Again the court erred in allowing Dr. Williams to state as a fact, over the objections of defendant, that the car owned by Johns which he had in his possession, made the tracks traced by him the morning after the robbery. This testimony was not given as an opinion but was a statement of a fact and was admitted as such. The jury had nothing to consider, no conclusions to draw, the good doctor had relieved them of that duty which the law imposed upon them and upon them alone. If he had undertaken to give this as his opinion it would not have been admissible. He should have stated what he saw, described the tracks, described the tires on the car and then left the jury to draw their own conclusions after viewing the car. The court even erred in allowing the doctor to say it was Johns' car, because he had the original records, as he claimed and actually introduced them unauthenticated as the law requires. The later admission of Johns removed this error but it does not remove the atmosphere of the trial, in which

defendant had no rights that the state was bound to respect.

It was later shown by undisputed testimony that the tires had been changed on the car after the arrest of Johns, since the night of the robbery and were not the same tires which were on the car on the 25th day of March, but the doctor did not know this and in his anxiety to convict made the tracks fit the car as it then was. There can be no calculating the baneful effort of this testimony coming from the sheriff, upon that hand-picked jury. That statement was made and admitted for the purpose of clinching a verdict of guilty and it evidently had the desired effect.

*H. T. Odom,* special assistant attorney-general, for the state.

On April 26, 1922, the grand jury of Tate county returned two indictments against appellant, Willie Frank Johns, one numbered 2603 charging the robbery of Tate Gabbert; and the other numbered 2609 charging the robbery of Thomas Johnson, both offenses growing out of the statement of facts, hereinbefore set forth.

Appellant was put to trial on indictment 2603 charging the robbery of Tate Gabbert, and on this cause appellant was acquitted by the jury. At the same term of the court, three days later, appellant was arraigned on indictment No. 2609, charging the robbery of Thomas Johnson. Appellant filed a plea in bar to this indictment, as appears at page 6 of the record, alleging former jeopardy for the same offense. Said plea and exhibits filed therewith, found on pages 7 and 8 of the record, show that appellant had been acquitted on the charge of robbing Tate Gabbert on the same occasion. To said plea of the appellant, the district attorney interposed a demurrer setting forth in substance the following grounds of demurrer, which appear at page 9 of the record:

1. That indictment No. 2609 charged appellant with robbing a different person from indictment No. 2603, for which appellant had been acquitted. 2. That indictment No. 2609, charged a felonious taking of property by the defendant from Thomas Johnson, by putting him in the fear of some immediate danger, while indictment No. 2603 charged the felonious taking of property by the same means from an entirely different person; and that these were separate and distinct violations of the law. 3. It is alleged that said plea was insufficient in law. The court sustained said demurrer, as appears at page 10 of the record, and this action of the court is one of the errors assigned by appellant. And as I see it, this is the principal point involved in this appeal.

At page 89 of the record we find the following agreement: "Agreement of counsel as to record of other trial. It is agreed by counsel herein that the evidence in the case of the State v. Willie Frank Johns, number 2603, is practically the same as the evidence in this case."

The contention of counsel is that the robbery was one entire transaction and that since appellant was acquitted on the charge of robbery of Tate Gabbert, that he cannot be subsequently convicted for robbing Thomas Johnson, because the robbery of Johnson and the robbery of Gabbert grew out of the same facts, and that he cannot be twice placed in jeopardy for the same offense. In support of this theory he cites a number of cases from other states, which hold that where the accused is charged with larceny of goods from several parties on the same occasion, that an acquittal or conviction on an indictment for stealing from one of the parties bars a subsequent prosecution for the same offense, charging larceny from another person at the same time.

I do not think it necessary to discuss or criticize these authorities, because none of them deal with the question of robbery, and further, because I shall cite authorities which, in my opinion are conclusive of the proposition under discussion. Here, however, I desire to call the court's

attention to the fact that counsel for appellant have cited no authorities on this point from our supreme court.

I am not unmindful of section 22 of our state Constitution which forbids putting a person twice in jeopardy for the same offense. But my contention is that where two or more persons are robbed at the same time and by the same means, that this constitutes a case where the robbing of each individual is a separate and distinct offense. My position is sustained in 16 C. J. at page 285, where the rule is stated thus: "Robbery. Where accused robbed two persons by pointing a pistol at each, a prosecution for one of such robberies does not prevent a subsequent prosecution for the other."

The general rule is stated in 8 R. C. L., paragraph 139, page 151; 1 McClain on Criminal Law, par. 477, at page 459. The same rule is announced in 1 Wharton on Criminal Law (11 Ed.) par. 393, at pages 508, 509.

So far as my research discloses, this court has never passed on the specific case submitted by this appeal. In other words, it is a matter of first impression in our court as to whether or not a conviction or acquittal on a charge of robbery of one person is a bar to a second prosecution for robbing another party at the same time and place. But I find ample authority to the effect that separate and distinct offenses may be committed at the same time and that a plea of former jeopardy will not be sustained where it appears that in one transaction the accused has committed two crimes. Among the leading cases in Mississippi announcing this doctrine are: *Teat* v. *State,* 53 Miss. 439, 24 Am. Rep. 708; *Jones* v. *State,* 66 Miss. 380, 6 So. 231, 14 Am. St. Rep. 570; *Richardson* v. *State,* 79 Miss. 289, 30 So. 650; *Vance* v. *State,* 104 Miss. 227, 61 So. 305; *McRae* v. *State,* 104 Miss. 861, 61 So. 977; *Gordon* v. *State,* 127 Miss. 396, 90 So. 75; *State* v. *Cooper,* 1 Green (N. J.) 361; *State* v. *Shepard,* 7 Conn. 54; *Commonwealth* v. *Squire,* 1 Met. 258; *Hickery* v. *State,* 23 Ind. 21; *Jones* v. *State,* 66 Miss. 380; *Richardson* v. *State,* 79 Miss. 289; *Vance* v. *State,* 104 Miss. 227; *McRae* v. *State,* 104 Miss. 861.

The most recent expression of our court on this subject is found in the case of *Gordon* v. *State,* reported in 127 Miss. 396, 90 So. 75, in which our court held that a conviction for unlawfully possessing intoxicating liquors does not bar a second prosecution of a defendant for feloniously making or distilling the same liquor.

In addition to this the record shows that the appellant failed to object in the court below to any of the acts of the sheriff complained of here.   Before appellant can complain in this court that the sheriff, who was a witness in the case, was allowed to summon talismen who served on the jury convicting appellant, the record must affirmatively show that the appellant objected to this procedure in the courts below.   My authority for this statement is found in section 3212, Hemingway's Code, same being section 4936 of the Code of 1906, which provides that a judgment in a criminal case shall not be reversed because of certain errors, unless such errors were complained of and made special ground for exception in the court below.   As I see it there is no merit in the contention that the appellant was not tried by a fair and impartial jury.   The case should be affirmed.

SYKES, P. J., delivered the opinion of the court.

The appellant was indicted, tried, and convicted of robbery, and sentenced to serve a term of five years in the penitentiary.

There were two indictments returned against this appellant for robbery, one for robbing Tate Gabbert, and the second for robbing Thomas Johnson.   He was first tried and acquitted of the crime of robbing Tate Gabbert, and the following week was tried and convicted of robbing Thomas Johnson.   This appeal is from the Johnson conviction.   To the indictment in this case the defendant filed a plea of *autrefois acquit.*   A demurrer was sustained to this plea.

The testimony in both cases is substantially the same. The entire details of the transaction were gone into in both

trials. Briefly stated this testimony was to the effect that several men were gambling at the home of Tate Gabbert along about eleven o'clock at night, when three men came in with their pistols pointed and ordered the gamblers to throw up their hands and turn their faces to the wall. This gentle request was complied with, and the robbers then bound the hands and feet of their victims, and proceeded to rifle the pockets of Gabbert and Johnson, getting several hundred dollars from each. They also took some money that was on the table. Two or more of the robbed men testified that they recognized this defendant during the robbery; that in some way his mask slipped from his nose, and allowed them to see his face. There is some testimony to the effect that defendant had attempted to disguise his face by putting a yellow substance on it. There is testimony that the appellant and another man were seen and recognized on the public highway in a Studebaker car. It is, however, unnecessary to set out in full the testimony as to the identity of the defendant.

The defense was an alibi. The defendant was a resident of the city of Memphis. Several people testified to the fact that the night the robbery took place there was a birthday party at the home of Mr. and Mrs. Shipp, and that among those who attended this party was the defendant; that he came there in a Studebaker car along about ten o'clock, and remained there until twelve or after. At least five witnesses, three men and two women, testified to these facts.

It is first argued by counsel for the appellant that the robbery of these two men was but one offense; that identically all of the testimony introduced in this case was introduced in the first trial; that it is all a part of the *res gestae,* and that the acquittal in the first trial necessarily was an acquittal of the robbery of each and all of these men. There are cases cited by counsel for the appellant, principally larceny cases, which hold that in those cases this plea would be well taken. Other states have adopted a different rule in larceny cases. Some authorities make

a distinction between cases of larceny and of robbery. In this state the rule is that, where two or more persons are robbed at the same time, in one transaction, each robbery constituted a separate and distinct offense, and that a prosecution in one case will not bar a subsequent prosecution in the other. This rule is thus laid down in 16 C. J., p. 285:

"Where accused robbed two persons by pointing a pistol at each, a prosecution for one of such robberies does not prevent a subsequent prosecution for the other."

8 R. C. L., par. 139, p. 151, states this rule as follows: "A putting in jeopardy for one act is no bar to a prosecution for a separate and distinct act, merely because they are so closely connected in point of time that it is impossible to separate the evidence relating to them on the trial for the one of them first had. Consequently a plea of former jeopardy will not be sustained where it appears that in one transaction two distinct crimes were committed. Based on this rule it has been held that, if the killing of two persons is by distinct and separate acts, though done at the same time and as part of the same transaction, an acquittal for the killing of one is not a bar to a prosecution of the same person for the killing of the other; and where several persons are robbed at the same time the offender may be indicted and convicted for the robbery of each person as a distinct offense."

In 1 McClain on Criminal Law, par. 477, p. 459, it is stated: "It has been said that taking at the same time the several property of different persons who are put in fear by the same act may be charged as one crime or robbery. But other cases hold, and apparently with better reason, that where the assault is upon several different persons there will be distinct offenses of robbery committed as to each of them although the transaction is continuous."

See, also, 1 Wharton on Criminal Law (11th Ed.), par. 393, p. 509.

In this state one of the leading cases dealing with this question is that of *Teat* v. *State,* 53 Miss. 439, 24 Am. Rep. 708. In that case Teat was indicted for the murder of

---

two men in the same transaction. He was tried and acquitted of the murder of one, and this question arose in the second trial. Among other things in that opinion it is said:

"It has been frequently said that one of the tests by which the conclusiveness of a plea of former jeopardy is to be tried is the question, whether the testimony by which it is proposed to establish the new offense is the same in every respect as that which was necessarily · used in proving the first, and that where this question is answered in the affirmative it demonstrates the correctness of the plea. Without impugning the soundness of the rule, it is manifest that it will not apply in a case where all the testimony, though admissible as a part of the *res gestae* in the first trial, was not absolutely essential therein; and it is this very testimony (unessential though admissible in the first trial) which goes to prove the offense charged in the second."

In this case, though the testimony of the robbery of each of these men was admissible in both trials, yet it was not essential in the instant case to prove the robbery of Tate Gabbert. The court was correct in sustaining the demurrer to this plea.

While there is sufficient testimony to sustain a conviction in this case, it is a very close case on the facts. Without further reciting the testimony it is sufficient to say that the week before the trial of this case a jury of this county, upon the same testimony, acquitted this defendant of robbing Tate Gabbert. The *alibi* witnesses of the defendant are not impeached, while there was some question about whether or not the state's witnesses recognized this defendant the night of the robbery. Some of the testimony indicates that a part of the victims were inclined to believe they were robbed by negroes, while others thought some of them were white men. One of the men also testified that this defendant was not one of the robbers. This question, however, was purely one of fact, to be decided by the jury. Being, however, such a close case upon the facts, it was very necessary that the court commit no error in the introduction and rejection of testimony.

The sheriff of this county was very active in attempting to arrest these robbers, for which he should be commended. He traced a car from near the house of the robbery some distance toward Memphis. There was some difference in the tires, which enabled him to follow the car. The defendant owned a Studebaker car, which was introduced at the trial. Over the objection of the defendant the sheriff testified that he had seen the car that made the tracks that he followed; that he had taken possession of this car, and had it for the inspection of the jury. The jury then were allowed to inspect the car of defendant, and the sheriff testified positively that that was the car that made the tracks the night of the robbery. This testimony was incompetent and inadmissible. The witness should have described in detail the tracks. He should not have been permitted to testify that the car of the defendant was the one that made these tracks. It was for the witness to describe in detail the tracks, and for the jury to conclude whether or not the defendant's car was the one that made the tracks the night of the robbery. *Cumberland* v. *State,* 110 Miss. 521, 70 So. 695; *Herring* v. *State,* 122 Miss. 647, 84 So. 699; *Pearson* v. *State,* 97 Miss. 841, 53 So. 689.

Inasmuch as the judgment of the lower court must be reversed, and the cause remanded, for this error, it will be unnecessary to consider any of the other assignments of error.

*Reversed and remanded.*