PERRY WHITTLE *v.* STATE OF MISSISSIPPI.

1. CRIMINAL LAW. *Perjury. Trial. Evidence. Record.*

   Under an indictment for perjury, the trial of the cause in which the false swearing is charged to have been committed must be proved by the record, if it be in existence.

2. SAME. *Quantum of proof.*

   If a conviction of perjury be sought only on the ground that defendant knew nothing of, and was not present at, the scene of the transaction about which he gave testimony, it is essential to his conviction that the state should prove by two witnesses, or one witness and corroborating circumstances, beyond a reasonable doubt arising from the evidence, that defendant was not present at the scene.

FROM the circuit court of, second district, Perry county.

HON. JOHN R. ENOCHS, Judge.

Whittle, the appellant, was indicted, tried and convicted of perjury, and appealed to the supreme court. The facts are stated in the opinion of the court.

*Hall & Leverett*, for appellant.

The only material issue in this case, as will clearly appear from an analysis of the evidence as well as from the instructions given for the state, is whether or not appellant was present at the scene of the transaction about which he testified, and saw or did not see the occurrences which he narrated on the witness stand. This being true, the court below erred in refusing the instruction asked by appellant to the effect that the jury could not convict him of the perjury charged unless it was proved by two witnesses, or one witness and corroborating circumstances, that appellant was not present at the scene of, and did not see, the occurrences to which he testified.

*Monroe McClurg,* attorney-general, for appellee.

The question was not whether appellant was at the place where the assault and battery about which he testified was committed, but whether he swore falsely as charged; hence, the court below properly refused the instruction asked by appellant to the effect that there could be no conviction without the evidence of two witnesses, etc., that Whittle was not at said place, etc.

TERRAL, J., delivered the opinion of the court.

Perry Whittle was indicted for perjury, predicated on his testimony in the trial in the circuit court of Perry county on the 24th day of October, A. D. 1900, of one Norwood, for assault and battery upon Griffin with intent to kill and murder. No record of said trial was given in evidence, but Mixon, the clerk of the circuit court, testified, without objection, that Norwood was tried at the October term, 1900, of said circuit court for assault and battery upon Griffin with intent to kill. It was essential to prove by the record of the trial of said cause, if in existence, that Norwood was tried on the 24th day of October, 1900, in the circuit court of the second district of Perry county, on an indictment against him for assault and battery upon Griffin; and no such evidence was given or offered. Whart. Cr. Ev., secs. 103, 115; Archb. Cr. Prac. & Pl., sec. 602.

The assignment of perjury made against Whittle was based upon his having sworn that, at the time of the alleged assault and battery by Norwood upon said Griffin with intent to kill and murder him, Griffin had his right hand in his pocket, with his left hand raised toward and reaching for Norwood, with other circumstances attending said action, and that Griffin had gone from the sawmill to the log ramp, some 200 feet apart, where Norwood was, with his right hand in his pocket; and it was sought to convict Whittle of perjury on the ground that he knew nothing of the matter, be-

cause he was not present, so as to see what really occurred. This supposition is evident from the tenor of the second instruction to the jury on behalf of the state, which directed them to find Whittle guilty, without regard to whether Norwood was justifiable or not, if they believed, beyond reasonable doubt, he willfully swore falsely, as charged in the indictment. It was not on the materiality of the testimony of Whittle as tending to acquit Norwood that the state predicated a claim for his conviction, but it was predicated upon the ground that Whittle was not a witness of the assault and battery of Griffin by Norwood, as stated by him. In this state of the case the defendant, in his fifth request for instructions to the jury, asked the court to say to them that the state must prove by two witnesses, or by one witness and corroborating circumstances, beyond reasonable doubt, that defendant was not present at the altercation between Norwood and Griffin, or they should acquit him; and this the court refused to do. We are of the opinion that the court should have given the instruction as requested. To prove that Whittle swore that Griffin had his right hand in his pocket at the mill, and kept it in his pocket until he reached the log ramp where Norwood was, and then raised his left hand, reaching for Norwood, with the other circumstances charged as attending said action, did not constitute matter material to the guilt or innocence of Norwood, unless it covered the point of proving that Whittle was not a witness to the assault and battery, as he claimed to be; and the instruction refused was material to his defense, and it should have been given as requested.

*Reversed and remanded.*