## SCIPIO DAVIS *v*. STATE OF MISSISSIPPI.

### [43 South., 81.]

CRIMINAL LAW AND PROCEDURE.  *Evidence.  Best evidence.*

> In a trial for perjury, charged to have been committed before a
> justice of the peace court in the trial of one charged with
> crime, it is incompetent to prove by the justice of the peace the
> contents of the affidavit on which the prosecution before him
> was based; the record being the best evidence.

FROM the circuit court of Lafayette county.

HON. JAMES B. BOOTHE, Judge.

Davis, the appellant, was indicted for perjury, tried and con-
victed and sentenced to the penitentiary for three years, and
appealed to the supreme court.

The charge against appellant was predicated of his testi-
mony in a criminal case before a justice of the peace.

On the trial in the circuit court of appellant for the alleged
perjury the justice of the peace, Tatum, before whom appel-
lant had given testimony, was called, as a witness for the

state, and permitted, over the objection of appellant, to testify, touching the issue in the suit before him and to state the contents of the affidavit the basis of the record in the case. On appeal by appellant from conviction and sentence to the supreme court the action of the court below in admitting oral testimony on the trial of appellant of the matters above stated, was assigned as error. Appellant contended that the record of the justice of the peace was the only proper evidence of its contents.

*W. V. Sullivan,* for appellant.

It was error to permit the justice of the peace, Tatum, to testify from remembrance what the charge in his court against Barry was. The record was the only proper evidence. *Whittle* v. *State,* 79 Miss., 327; 30 South. Rep., 722; *State* v. *Ireland,* 42 South. Rep., 797.

*R. V. Fletcher,* assistant attorney-general, for appellee.

The proof shows that the appellant was duly sworn as a witness, before a justice of the peace, on the committing trial of one Barry for cutting one Tubbs, and that appellant swore that just prior to the cutting Tubbs, the injured party, had hold of Barry, the defendant, and was kicking him. The proof in this case shows that nothing of the sort happened, and, furthermore, that the appellant, Davis, did not even see the affair.

There was ample proof against appellant to support the jury's verdict.

CALHOON, J., delivered the opinion of the court.

This was a conviction of perjury, based on testimony of appellant on the trial of one Simpson Barry before a justice of the peace. On the trial of appellant for the alleged perjury in the circuit court, the justice of the peace, as a witness for the state, was permitted, over objection and exception, to testify what the charge was for which Barry was on trial before

him.   It was fatal error to admit oral testimony of this.   The record itself was the only proper evidence.   *Whittle* v. *State,* 79 Miss., 327; 30 South., 722; *State* v. *Ireland* (Miss.), 42 South., 797.

We decide nothing else in this case now.

*Reversed and remanded.*

CRIMINAL LAW AND PROCEDURE.   *Evidence,   Exhibits.   Experts.*