HARVEY PEARSON v. STATE OF MISSISSIPPI.

[53 South. 689.]

CRIMINAL LAW AND PROCEDURE. *Rape. Evidence. Hearsay. Opinion of mass-meeting. Opinion of non-expert.*

In a prosecution for rape, the prosecutrix being the defendant's daughter, testimony is incompetent and inadmissible to show:

(*a*) Messages sent by defendant's parents accusing him of the crime; and

(*b*) Charges made by defendant's wife accusing him of the crime, since the wife could not have testified against him; and

(*c*) That the citizens of defendant's neighborhood held a mass-meeting, found him guilty and warned him to leave the country, under penalty of prosecution; and

(*d*) The opinion of a non-expert witness, although a physician, touching the virginity of the prosecutrix, predicated of an examination of her person made after the alleged rape.

FROM the circuit court of Amite county.

L. H. McGEHEE, ESQ., Special Judge.

Pearson, appellant, was indicted and tried for rape, charged to have been committed upon his own daughter, was convicted

and sentenced to the penitentiary for life and appealed to the supreme court. The facts of the case, so far as essential to be known, are clearly inferable from the opinion of the court.

*R. S. Stewart, R'. E. Jackson* and *C. V. Ratcliff,* for appellant.

The evidence offered on the part of the state, when purged of that which is irrelevant and incompetent, does not warrant the conviction of the defendant, under the rules established by this court in the trial of charges of this nature. *Monroe v. State,* 71 Miss. 196; *Baker v. State,* 82 Miss. 84.

Under the facts as shown of record and the authorities cited, this judgment ought to be reversed and must be reversed if this court adheres to its former holdings upon the question of fact.

It is fundamental that the court erred in permitting the counsel for state over defendant's objection to show that the mother and father of the accused had sent him word, or a message about this affair, and had accused him of the same or had asked about the same as any and all remarks or messages of words made, sent or used by the said parties are as to this case hearsay pure and simple, and in no conceivable rule of the law admissible, and could have served but one purpose, that of prejudicing the minds of the jury against the defendant, and its admission was error.

The evidence of Butler who testified to an examination of the person of the prosecutrix was clearly inadmissible for two reasons: His opinion was all that he was able to give in the matter, and he based this upon his examination of the party, but he failed to qualify as an expert. Before the opinion of a witness can be received, it must appear that he is an expert in the line upon which his opinion is asked. Second. The examination was made by the witness on the 13th day of May, 1910, when it is alleged that the crime was committed on the first of April, 1909.

By statute the wife is declared an incompetent witness against her husband, yet in the case at bar, the court over the strenuous objection of the defendant permitted both the prosecutrix and

the state's witness, Nannie Pearson, to testify to certain conversations and charges made against the defendant by his wife.

The wife could not have been permitted to give these conversations and accusations in evidence, and to permit those who heard them to testify touching what she said and what she charged, violates both rules, one against hearsay and the other against the competency of the wife, and the admission of this evidence assuredly prejudiced the accused. *Garner v. State,* 76 Miss. 515.

Of all inconceivable ideas, and inconceivable rulings, against all sense of law and reason, the most inconceivable of all, and the most senseless of all in our judgment was the idea and reason of the court, if either existed, in permitting the state to show over the repeated objection of the defendant, that the citizens or some of them had met and held a meeting, organized themselves into a committee, and adjudged the defendant guilty, and then went to him and declared the finding of the mass meeting, without law, leave or license, and to report that the finding was that the accused had better leave the state or prosecution would assuredly follow.

*James R. McDowell,* assistant attorney-general, for appellee.

Error is charged because of the admission in evidence that the prosecutrix told her mother of the offense as soon as she reached the house after it is alleged to have been committed. It is not attempted to be given in detail. Zadie and her little sister both testified that they went at once and told their mother. Surely this is admissible under the law and the holdings of this court. The fact that she said that her father committed the crime is brought out in this way. The mother immediately sought the father and accused him of the crime, and then went with the little girls and charged him in their presence and he stood mute. Surely it is admissible to prove that one charged with a crime stood mute when the crime was charged in his presence. We

have not the power to bring the mother in, the one to whom, naturally, the complaint would be made, because the strange anomaly here presents itself that the mother is the wife of him who is charged with assaulting his child, but we can bring the little girls into court and what they testify he said or did is admissible in evidence.

The fact that it was nearly a year before the public was advised of the crime is due to the relation of the parties.

The testimony of Dr. Butler who examined the prosecutrix just before the trial was objected to, first, because he does not qualify as an expert. The court will observe that he meant he was not a specialist. Any doctor with a license can tell whether the parts of a female have been penetrated, and whether the female is a virgin or not. It does not require an expert. The doctor was testifying to a fact and was not giving an expression of an expert opinion. He testified, as a matter of fact, that the girl's parts had been penetrated; that it might have been done by a male organ, or by some other means, but that as a matter of fact, the girl's parts had been penetrated.

It is true that the examination made by Dr. Butler was made a year after the crime is alleged to have been committed. It is not shown, however, or attempted to be shown, or hinted at, that anyone else than defendant had ever had connection with the girl.

Argued orally by *H. E. Jackson* for appellant.

Whitfield, C.

The instruction which was refused to the defendant should have been given. But its refusal, in view of the other charges given for the defendant, did not constitute reversible error, of itself alone.

It is argued very earnestly, by counsel for appellant, that this judgment ought to be reversed, because the testimony

wholly fails to support the verdict. The fact is pointed out that the affidavit was not made by the prosecutrix herself, but by her mother, after the mother had left her husband's home, and was separated from him, and that it was not made for over a year after the alleged commission of the offense, during which time the defendant was away from home a great deal, and the prosecutrix and her mother were at liberty to have made the charge at any time earlier. Attention is called further to the testimony showing the bad state of feeling existing between the daughter and mother, on the one hand, and the father, on the other; in short, to various other circumstances which are disclosed in the evidence. But all this evidence was for the jury, not this court, and we cannot set aside this judgment on this ground.

Testimony was admitted, however, showing messages sent by the mother and the father of the accused, and showing that they had accused him of this offense. All this was pure hearsay, and should not have been admitted. But this court would not reverse the judgment for this error alone.

In the course of the trial, over the strenuous objection of the appellant, the court permitted the prosecutrix and her sister, Nannie Pearson, to testify to certain conversations and charges, including the charge of this offense, made against the appellant by his wife. This was a most flagrant error, as distinctly held in *Garner v. State,* 76 Miss. 515, 25 South. 363. The wife could not have been introduced herself to testify that she had charged defendant with the crime; and a fortiori these witnesses could not testify that their mother had accused him. This was. fatal error.

But there is an error in the record more astounding than this. The state was permitted, over the earnest objection of the defendant, repeatedly made, to prove by the witness Steele, that the citizens had held a meeting about this alleged crime, organized themselves into a committee of inquiry, and adjudged the defendant guilty, and then gone to the defendant, or sent their

agents to him, and told him of this finding that he was guilty, made by this mass meeting, and further told him that he had better leave the state, or prosecution would immediately follow. This is one of the most extraordinary blunders that a court could possibly have committed, and one of the most fatally prejudicial. Upon what theory the court below could have allowed witnesses to testify to the assembling of a mass meeting, their adjudication that the defendant was guilty, and that this mass meeting had notified the defendant that they had found that he was guilty, and that he must leave the country, or he would be prosecuted, passes our comprehension. It is perfectly obvious that this sort of testimony inevitably inflamed the jury with prejudice against the defendant, and must have powerfully influenced them, since the only effect it could possibly have would be to advise the jury of public sentiment in the matter, and that they were expected to conform to this public sentiment. Surely there is no man, fair-minded and desirous of seeing the law of the land justly and impartially administered, who for one moment could be brought to sanction this extraordinary invasion of the right of defendant to a fair trial by an impartial jury. When it is remembered that, in cases of this flagrant character, there is little danger that the jury will fail to convict, if the trial is conducted with strict regard for the rights of the defendant, no excuse whatever can be left for injecting into the record blunders of this flagrant character, which must necessarily result in reversal at the hands of this court.

This assignment of error, therefore, is one which compels a reversal, in order that the trial guaranteed by the constitution and the laws of the land shall not be taken away from the defendant. Public passion has no place in the jury box. The fury of a mob must stop at the door of the temple of justice, else defendants cannot be tried in accordance with the constitution and the law of the land. To allow a defendant to be illegally tried, because of the passion of the mob in one case, however guilty the party may be, will be to set a precedent of

Opinion of the court.

dire effect, which can be invoked against men who may be perfectly innocent. And more especially ought this to be kept in mind when, as stated, wherever one is manifestly guilty of some shocking crime, he will be certain to be convicted, even when the court gives him the full benefit of a fair trial.

In the course of the trial, one Butler, a physician, was permitted to testify to a physical examination of the private parts of the prosecutrix, that examination having been made on the 13th day of May, 1910, when this offense was alleged to have been committed on the 1st of April, 1909, more than a year before the examination was made; and this witness was allowed, while stating that he was not an expert, nevertheless to give it as his opinion from this examination that the prosecutrix was not a virgin. His testimony to this effect was a pure opinion, and nothing else, and not given as the opinion of an expert, and was clearly inadmissible. See *State v. Heux,* 109 Mo. 654, 19 S. W. 35, 32 Am. St. Rep. 686.

PER CURIAM. The above opinion is adopted as the opinion of the court, and, for the reasons therein set out, the judgment of the court is reversed, and the cause remanded for a new trial.