## State *v.* McMullins.

(Division B. March 3, 1930.)

[126 So. 663.   No. 28551.]

**B. F. Bell,** of Starkville, for appellant.

**Forrest B. Jackson,** Assistant Attorney-General, for the State.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellee, Sarah McMullins, was indicted for the crime of arson. She was charged with burning a building belonging to her husband and usually occupied by him at night.

Sarah McMullins and her husband had separated and were living in different houses, but had not been divorced. The state sought to introduce the husband as a witness against the appellee, and to prove by him certain statements made by Sarah McMullins in reference to the burning, with the view of making out a case against the defendant. The court refused to permit this testimony to be introduced, and the state appeals from the verdict of acquittal for the purpose of having the question of competency of the husband as a witness against the wife where they are separated and not living together settled.

The common law did not permit a husband, or wife, to testify against each other in any suit, except in criminal prosecutions for personal violence in the nature of assault and battery and like offenses; this was an exception to the general rule making them incompetent. Such exceptions were ingrafted as a matter of necessity for the protection of the person. The present statute, chapter 35, Laws of 1928, amends section 1916 of the Code of 1906, and permits a husband, or a wife, to testify against the other in controversies between them, but in other cases leaves the law as it existed at the common law. In McQueen v. State, 139 Miss. 457, 104 So. 168, we held:

"Under the common law one spouse could not be introduced to establish a crime against the other, except where the crime, such as assault and battery or like offense, was committed against the other spouse." In that case the state introduced the wife of the defendant for the purpose of proving the marriage between the husband and wife in the prosecution for bigamy growing out of a second marriage celebrated in due form. We held that she was incompetent to testify to such fact, and that a criminal prosecution was not a controversy between the husband and wife within the meaning of section 1916 of the Code of 1906.

In the recent case of Alonzo Doss v. State, 126 So. 197, we held that a wife was incompetent to testify against the husband on a charge of rape committed upon her before the marriage, but that the law limited her competency as a witness in a criminal prosecution to offenses committed upon her during the marriage relation and committed against her as wife by the husband.

We are of the opinion that it is not an offense against the husband in the nature of an assault upon him to destroy his property by burning or otherwise. An injury, or destruction, of property is not an injury to the person but an injury to the property and property rights, and distinguished from person and personal rights. The court therefore rightfully excluded the evidence, and the judgment will be affirmed.

Affirmed.