## HUFF *v.* STATE.

(Division B.  Oct. 12, 1936.)

[169 So. 839.  No. 32351.]

**Harry K. Murray,** of Vicksburg, for appellant.

**Webb M. Mize,** Assistant Attorney-General, for the state.

Ethridge, P. J., delivered the opinion of the court.

Appellant, Huff, was indicted by the grand jury of Warren county on a charge of larceny, the taking of one hundred eighty-five dollars, the property of his wife, Mrs. Myra Huff; was tried on said charge, found guilty, and sentenced to serve five years in the state penitentiary, from which this appeal is prosecuted.

Appellant and his wife had been married about a week before the offense was committed. They had known each other only a short period before the marriage was contracted, were married November 9, 1935, and separated six days afterward, when M. L. Huff went to Jackson from Vicksburg and turned toward home at a late hour at night. The evidence tends to show that when he arrived at Vicksburg he came to the house where his wife was, that some words passed between them, and that he beat his wife. She called for help, and parties living in the same house responded, came in, and saw the appellant strike his wife, and saw him with a pistol in his hand, and saw him reach under the pillow on his wife's bed and take therefrom a purse and leave with it. These witnesses could not state what amount of money was in the purse. Mrs. Myra Huff was introduced as a witness for the state, and testified to the facts constituting the offense, and stated that the amount of money in the purse was one hundred eighty-five dollars; that she had withdrawn this amount from her funds in the bank, it being insurance money left by her first husband, and part from her Christmas savings in the bank.

This evidence and the competency of the wife as a witness were not objected to, when offered.

At the conclusion of the state's evidence, for the first time the appellant made a motion to the effect that the appellant should be discharged because of the incompetency of Mrs. Myra Huff's testimony. This motion was by the court overruled, and thereafter the appellant testified and denied taking the money as charged.

Motion for a new trial was made, but it appears that the attorney for the appellant failed to appear and make argument to sustain the motion, and it was overruled by the court.

Had an objection been seasonably and properly interposed, it would have been error to admit Mrs. Huff's testimony upon a charge of larceny against her husband. The appellant was not charged with assault and battery upon his wife, and was not being tried for that offense.

It has been held in a number of cases that a wife is not competent to testify against her husband in a charge of crime, unless it is a personal assault upon her or an offense against her person. The words in the statute, section 1528, Code 1930, are: "Husband and wife may be introduced by each other as witness in all cases, civil or criminal, and shall be competent witnesses in their own behalf, as against each other, in all controversies between them. But in all other instances where either of them is a party litigant the other shall not be competent as a witness and shall not be required to answer interrogatories or to make discovery of any matters involved in any such other instances without the consent of both." The words "in all controversies between them" do not apply to offenses against the law of the state under the criminal law, except where the evidence would be competent in a suit for personal violence or injury. See Finklea v. State, 94 Miss. 777, 48 So. 1; Pearson v. State, 97 Miss. 841, 53 So. 689; Doss v. State,

156 Miss. 522, 126 So. 197; and State v. McMullins, 156 Miss. 663, 126 So. 662, 663.

Whenever witnesses are offered in court who are incompetent, objection as to their competency should be made before the reception of the evidence, and certainly before the conclusion of the evidence for the state, so that the trial judge might decide that question at once. If a party does not object to the competency of a witness when presented, such objection is waived if the party knew of the facts constituting this incompetency at the time the evidence was offered. If he does not then object he, in effect, consents, and he will not be permitted to experiment with the evidence and see whether it is helpful or hurtful to him, and then later to move to have such evidence excluded, provided the facts constituting incompetency were then known. See Liles v. May, 105 Miss. 807, 63 So. 217; Griffith's Chancery Practice, sec. 579, p. 642, and 64 C. J. sec. 190, p. 169, where it is said that: "It is very generally held that a failure to object to evidence at the time it is offered is a waiver of all objections to its admissibility. The waiver is operative not only as affecting subsequent proceedings on the trial, but also as affecting the right to have questions of its admissibility reviewed on appeal or writ of error. But a party's failure to interrupt the cross-examination of his witness and interpose objections to immaterial evidence, does not imply consent that such immaterial matter become an issue in the case." Section 191 provides that: "A failure to object waives objection that the witness was not sworn; that there is a variance between the evidence and the pleadings; that it is incompetent, even though it is incompetent for any purpose; that it is not the best evidence; that it is hearsay; or that it is parol evidence relating to a subject covered by a written instrument. Such failure likewise waives objections to evidence of declarations or admissions, and to expert or opinion evidence, as that the opinion of an expert is based on an ex parte statement,

and to an objection that the answer states a legal conclusion. Failure to object is also a waiver of objections to the manner of proof, to the order of proof, or that the proper foundation was not laid for the introduction of the evidence. The failure to object when evidence is offered waives previous objections to the admissibility of the fact testified to.''

Consequently, the court below did not commit reversible error in permitting the wife to testify. It will also be noted from the language of the motion that it was not directed particularly to the wife's testimony or the exclusion of it alone, but the motion was directed to any testimony offered by the state because it was not, as alleged, sufficient to make out an offense.

The court below was not required to separate the objectionable evidence from that which was free from objection, but was only required to pass upon the motion as made.

Therefore the judgment of the court below must be affirmed.

Affirmed.