CLARK *v.* STATE.

(Division A. April 25, 1938.)

[180 So. 602. No. 33092.]

**Hearst, Pittman & Pittman,** of Hattiesburg, for appellant.

458.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**McGehee, J.**, delivered the opinion of the court.

On an indictment drawn under section 861, Code 1930, the appellant was tried and convicted in the circuit court of Forrest county on the charge of having willfully and feloniously deserted and neglected three of his minor children under the age of sixteen years, and of having left them in destitute and necessitous circumstances. From this conviction, judgment, and sentence of the court he prosecutes this appeal.

In order to establish the offense condemned by this statute, it is necessary for the State to allege and prove either a desertion on the part of a parent of such child or children, under the circumstances therein mentioned, or a willful neglect to provide for the support and maintenance of such child or children. Where the proof is sufficient, as in the case at bar, to show that there has been a willful neglect to provide such support and maintenance, it is not required that desertion be also shown, within the usual and ordinary meaning of that term.

For the State the proof showed that the defendant was under a duty to support the three minor children named in the indictment; that he was financially able to do so, since he owned a 40-acre farm and dwelling in the country, and was earning 75 cents per hour for approximately one hundred and thirty hours a week at the time complained of; that his children were allowed to go without the necessary food, and to become undernourished, and to some extent a charge on the community in which they lived; that they were not provided with sufficient clothing; and that the defendant did practically nothing to relieve this condition.

For the defendant the proof showed, but not without conflict, that he contributed approximately $5 a week to the support of his wife and children; that he did not desert his children, but that his wife removed them from their home to a small house near the corporate limits of the city of Hattiesburg during his absence, and declined to permit him to continue living with her and the children; and that he continued to do the best he could toward contributing to their support and maintenance.

In response to this contention of the defendant, the State undertook to show, over his objection, that he had created such a condition of affairs at home as to render it impossible for his family to continue living with him, in that he had left them on the farm without providing the necessary food and clothing, and was spending a part of his time and his earnings on other women.

The admission of this testimony is assigned as error. It is the general rule that the State is limited to proving the specific charge made in the indictment, but an exception to this rule is that the testimony as to other offenses is admissible when it has a direct bearing on the question at issue, or where there is an apparent relation or connection between the act proposed to be proved and that charged. King v. State, 66 Miss. 502, 6 So. 188. In other words, when the appellant outlined as a defense,

in the cross-examination of the State's witnesses, that his wife had taken the children and deserted him, and that he was doing all he could to support and maintain his children from the wages earned by him, it was competent for the State to show that his failure to support his children in such manner as to prevent their becoming destitute and in necessitous circumstances was not due to lack of funds, but to an improper diversion thereof; and also to show that he was responsible for their removal from his household, and had thereafter moved another woman into his house, where he provided a new living room suite and a radio, which he was paying for out of his wages, instead of using the money to relieve the hunger of his children.

The appellant contends that the court below also erred in admitting evidence to show specific acts of adulterous conduct on his part with this other woman. However, the record shows that he was interrogated on cross-examination in detail about this alleged misconduct, without objection on his part, and that when the State thereafter introduced officers of the law to testify in contradiction of his denial thereof, his objection to their testimony was made on the sole ground that it was not in rebuttal, and that no specific objections were made on the ground that it constituted an attempt to prove a separate and distinct offense.

It is not reversible error for the court to allow testimony in rebuttal which should have been introduced as substantive evidence in chief, unless it is shown that no opportunity is afforded the defendant to reply by sur-rebuttal testimony. Roney v. State, 167 Miss. 827, 150 So. 774, and other cases therein cited. In other words, the admission of such testimony rests largely within the sound discretion of the trial court.

It is further contended that it was error to allow the State to introduce the appellant's wife as a witness against him in rebuttal. Assuming that she was an in-

competent witness in a case of this character, we find that the record shows that the trial court had on one or two occasions sustained objections to an inquiry regarding the appellant's willingness for his wife to testify as a witness in the case; but that finally, when the appellant was on cross-examination, he undertook to explain why he was separated from his wife, and also to go far afield from the subject matter in issue; and thereupon he was asked by the district attorney if he would let his wife explain her side of the matter, to which he replied as follows: ''I don't care what she explains, let her explain. If you will go back and start where the first trouble started, I would like for her to testify—I am anxious for her to testify—I want her to testify.''

Thereupon, appellant's counsel stated in the record, ''Let her testify.'' There then appears the following, dictated into the record by the district attorney: ''Let the record show that this testimony is going in after the defendant has waived all right to object to his wife testifying.''

No further objection to this procedure appears at any point until the wife was called as a witness, under the foregoing agreement, in rebuttal, of the testimony which the State had consented for the appellant to give. While we would not be understood as sanctioning an agreement for the introduction of irrelevant and incompetent testimony, yet, in view of the fact that by common consent the testimony both for the State and for the defendant under such agreement exceeded the bounds of the issue involved, we do not think that the appellant can complain of the action in holding that he had expressly waived the right to object to his wife's testifying, under the circumstances.

But appellant says that neither he nor his counsel had the legal right to waive such objection, for the reason that the public is also interested in maintaining the peace and sanctity of the marital relation, citing Corpus Juris

and text-writers on the law of evidence. Our statute, however, section 1528, Code 1930, provides that either the husband or the wife may testify in any proceeding, whether civil or criminal, where both consent thereto; and in the case of Huff v. State, 176 Miss. 443, 169 So. 839, the defendant was held to have waived the right to object to his wife's testifying against him where he was being tried on an indictment for the larceny of her property.

We are therefore of the opinion that such errors as may have been committed on the trial would not justify a reversal of the case, and that the evidence was sufficient to warrant the jury in finding that the appellant had willfully neglected to provide for the support and maintenance of his children, even if he had not actually deserted them, in violation of the statute in question.

Affirmed.