HUNTER *v.* STATE.

(Division B. Dec. 5, 1938.)

[184 So. 835. No. 33265.]

Charles C. Evans and Paul G. Swartzfager, both of Laurel, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

784

**McGehee, J.,** delivered the opinion of the court.

Charley Hunter was tried and convicted of the murder of Essie Lee Tanner in Jones County, and sentenced to serve a life term in the state penitentiary.

The case, as made by the testimony of five or six witnesses for the state, discloses that the appellant stabbed Tanner through the heart with a knife on last Xmas night in a restaurant and cold drink establishment, known as the Black Cat Inn, in the City of Laurel, and at a time when Tanner was undertaking to prevent him from killing one Joe Potter upon whom the appellant was then making a murderous assault with a knife as the

aggressor in the difficulty. Joe Potter was talking to a couple of negro women who were eating at one of the tables of the Inn when the appellant and several others were present. Seeing Potter looking at him, the appellant asked ''What the God damn hell You looking at me for?'' and then drawing his knife he stated to Potter, ''You act, God damn it, like you don't like it,'' and they then commenced fighting. Thereupon, one ''Big Tal'' Porter separated the appellant and Potter by pushing one of them in one direction and the other in the opposite direction. Then the appellant undertook to get to Potter again with the knife when Tanner, came up behind him and said ''I wouldn't do that'' and urged the appellant to stop. When Tanner had advanced to where he was nearly even with the appellant, some of the state's witnesses say that appellant turned on Tanner and stabbed him with the knife while others say he struck backwards and stabbed him while he was still advancing toward Joe Potter.

It was contended on behalf of the appellant that Joe Potter and others had knives, and that he did not cut Tanner, but that if he did cut him it was done while acting in his necessary self-defense to prevent Joe Potter from killing him. On this conflict in the testimony, the case was properly submitted to the jury, and we think the jury was amply justified in convicting him.

We have carefully examined the action of the trial court in the giving and in refusing instructions, and we find no error was committed in that regard.

Other errors are assigned: (1) The refusal of the trial court to permit the appellant to prove that he, Joe Potter and others had a difficulty on the outside of the Black Cat Inn prior to the fight on the inside of the building, but in which prior difficulty it is not contended that Tanner was in anywise involved; (2) that the appellant was not permitted to show that some third party shot at him subsequent to the fatal cutting of Tanner,

and while they were undertaking to get Tanner to the hospital; (3) that the appellant was not permitted to show that he was suffering from some sort of lung trouble and was not therefore on an equal footing with Joe Potter in the fight, without resorting to the use of a deadly weapon; (4) that the district at-torney presented a motion in the presence of the jury for the court to repair to the scene of the killing and there view the premises, and that the court thereupon overruled the motion of the appellant for a mistrial; (5) and that the state introduced the county jailer in re-buttal to show that the appellant asked him on the morn-ing after the killing ''how the boy was getting along that he (the appellant) cut last night.''

To dispose of these alleged errors in their reverse or-der, it is sufficient to state that the appellant as witness in his own behalf had denied that he was the person who cut the deceased. The testimony was therefore proper in rebuttal. Moreover, even if it were true that this testimony should have been offered in chief, it was not reversible error to permit the state to introduce the same in rebuttal, where the defendant was not denied the opportunity to offer further testimony in surrebuttal. Roney v. State, 167 Miss. 827, 150 So. 774; Clark v. State, Miss., 180 So. 602. Neither is the error which was com-mitted by the district attorney in the making of the mo-tion in the presence of the jury for the court to repair to the scene of the killing for a view of the premises a re-versible one, as held by the court in Armstrong v. State, 179 Miss. 235, 174 So. 892, since the appellant could have requested that the jury be retired before making an ob-jection. Nor was there any error committed in refus-ing to permit the appellant to show that he was suffer-ing from lung trouble, and was not therefore on an equal footing with Joe Potter in the fight without resorting to the use of a deadly weapon, since he was not being tried for killing or cutting Joe Potter. Next, it was immate-

rial that the appellant was not permitted to show that some third party shot at him subsequent to the fatal cutting of Tanner, and after the appellant had gone out of the restaurant. Also, we are of the opinion that the refusal of the trial court to permit the appellant to prove that he had a difficulty with Joe Potter and others, in which Tanner was not involved, on the outside of the Black Cat Inn prior to the fight which occurred on the inside, would not have constituted reversible error unless he had been on trial for killing or cutting Joe Potter, for the reason that we think the evidence amply warranted the jury in believing that the appellant cut and killed Tanner at a time when Tanner was merely trying to stop the fight, and that he did not accidentally cut and kill him while acting in his necessary self-defense against Joe Potter, even if the appellant had been permitted to show what previously occurred outside of the restaurant. In such case he would have been justified only in defending himself against Potter, who was the only person alleged to have been trying to do him harm. The proffered testimony was collateral and immaterial under the facts and circumstances of this case.

The judgment of the court below must therefore be affirmed.

Affirmed.