Manning *v.* State.

(Division A. April 8, 1940.)

[195 So. 319. No. 34022.]

**J. F. Dean**, of Senatobia, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

**Griffith, J.**, delivered the opinion of the court.

The first assignment of error is that the verdict is contrary to the .evidence. When, as here, there is sufficient evidence to escape a peremptory charge, the validity of the verdict may not be assailed, as being against the weight of the credible evidence in the absence of a motion for a new trial; and no such motion was made in this case. The reasons for this rule were fully set forth in Justice v. State, 170 Miss. 96, 154 So. 265.

The second assignment is that the court erred in permitting certain evidence in rebuttal. No reversible error on this account appears here, under the particular attitude of this record. Roney v. State, 167 Miss. 827, 150 So. 774; Clark v. State, 181 Miss. 455, 180 So. 602; Hunter v. State, 183 Miss. 779, 184 So. 835.

The third assignment is that the State was allowed to introduce evidence for the direct purpose of impeaching its own witnesses. Some of the State's witnesses testified, as a part of their testimony, that the signs of blood extended from the porch to a point 20 to 25 feet distant therefrom, while other witnesses introduced by the State testified that there were no blood signs except at the porch steps where deceased fell. It is upon this contradiction of each other among the State's witnesses that appellant urges that the State was allowed to impeach its own witnesses.

The general rule is that a party may not attack the credibility of a witness introduced by himself. There are exceptions to the rule, however, as, for instance, in Rutland v. State, 170 Miss. 650, 155 So. 681, 156 So. 520. But the fact that witnesses introduced by a party do not agree with each other throughout is not an impeachment. Witnesses on the same side seldom concur as to all the details, and that they do not do so is more often than otherwise in favor of the honesty of their independent versions; for if all agreed in everything, the hearers would likely conclude that the story had been collaborated.

Impeachment of a witness is accomplished in four modes, and in four only: (1) By cross-examination; (2) by proving his previous contradictory statements or acts; (3) by proof of his conviction of a criminal offense; and (4) by adducing general evidence tending to show that he is unworthy of belief on his oath. And some authorities add a fifth: By physical demonstration or experiment properly conducted. 70 C. J., pp. 800, 801; 1 Thompson on Trials, Sec. 489.

Affirmed.