POLK *v.* STATE.

In Banc. Dec. 13, 1948.

(37 So. (2d) 761)

King & King, for appellant.

George H. Ethridge, Assistant Attorney General, for appellee.

Montgomery, J.

Mrs. Mandy McLean Polk was convicted in the Circuit Court of Holmes County on a charge of perjury and sentenced to 10 years imprisonment in the State Penitentiary. From this judgment she appeals here.

One Fred Polk was indicted for the murder of one Edward (alias Pete) McLean and was tried therefor at the October 1947 term of that Court. Mrs. Mandy McLean Polk, appellant, offered herself as a witness for defendant on that trial. On giving her testimony, she was then and there committed by the Court to await the action of the Grand Jury on a charge of perjury because of certain testimony she had theretofore given and statements she had theretofore made.

Mrs. Polk was indicted by the Grand Jury at the April 1948 term on a charge of perjury, alleged to have been committed on the trial of Fred Polk for murder in which she had testified as a witness, and was put on trial on the perjury charge at the same term of court at which the

indictment was returned, which trial resulted in her conviction as aforesaid.

Since this conviction must be reversed on the ground that the court erred in refusing to grant the appellant's requested peremptory instruction, we deem it necessary to consider the other assignments of error, since we believe the questions involved will not arise on another trial of the case.

On the trial below the State undertook to prove by the Circuit Clerk and by the Court Reporter the organization of the Circuit Court of Holmes County at the October, 1947, term thereof, at which the indictment charged the perjury was committed. That the alleged perjured testimony was given in a duly constituted court cannot be proven in any such a manner.

In 48 C. J. Section 161, page 898, we find the rule stated as follows: "Since it is necessary to prove the identity of the proceeding in which the perjury was committed, evidence sufficient to identify the proceedings must be introduced by the prosecution. ██ ██ Thus in order to convict a witness of perjury alleged to have been committed on the trial of a case or other proceedings in a court of record, the record of the case, or a duly authenticated transcript thereof, is necessary to prove the judicial proceeding in the course of which the alleged perjury was committed, unless such formal proof is waived."

In 41 Am. Jur., Section 64, page 35, we find the rule as follows: "Thus, in order to convict a person of perjury alleged to have have been committed on the trial of a case in a court of record, the production of the record in that case, or of a duly authenticated transcript thereof, is essential, unless the formal proofs of such judicial proceeding are waived or dispensed with by admission or otherwise. The evidence must be sufficient also to show beyond a reasonable doubt that the defendant was duly sworn in the formal proceeding."

In Whittle v. State, 79 Miss. 327, 30 So. 722, one Perry Whittle was indicted for perjury. No record of the trial in which he was charged with giving the perjured testimony was offered in evidence but the clerk of the Circuit Court testified, without objection, that the trial was had at the October term 1900 of the Circuit Court of Perry County. ▮▮ This Court there held that the testimony of the Circuit Clerk, though received without objection, was not sufficient to establish the trial in a duly constituted court but it was essential to prove these facts by the record of the trial.

It was essential to prove by the court minutes and the record of the trial of Fred Polk, if in existence, that Fred Polk was tried at the October 1947 term of the Circuit Court of Holmes County on an indictment against him for the murder of Edward McLean and it can be proven in no other manner. No such evidence was given or offered on the trial below and because thereof the judgment of the lower court must be reversed and the cause remanded.

Reversed and remanded.