MADDOX *v.* STATE

No. 40440          March 18, 1957          93 So. 2d 649

*Ely B. Mitchell,* Corinth, for appellant.

*J. R. Griffin, Asst. Atty. Gen.*, Jackson, for appellee.

RoBERDS, P. J.

Maddox was convicted of fondling a female child under thirteen years of age and sentenced to serve a term of one year in the state penitentiary under Section 2052, Mississippi Code of 1942.

■■ ■ He urges on this appeal that the proof is insufficient to support the verdict of the jury that the acts performed by him, as testified to by the State's witnesses, and evidently accepted by the jury, were prompted by a desire to gratify his lust or sexual desires, as is required by said section. The contention has given us much concern. It has been ably presented by counsel for Maddox. However, after a thorough examination and consideration of all of the testimony and circumstances surrounding the case we have concluded the evidence is sufficient to support the verdict. It would serve no useful purpose to detail and make a record of the acts to which the witnesses for the State testified. Amant v. State, (Miss.) 86 So. 2d 455. It is pertinent to observe that questions involved in cases of this character are peculiarly problems for local jurors. That is especially true in this case, where the accused and all of the witnesses, as well as the jurors, resided in the same county where the trial was being had. The jurors were selected from the body of the county. Very likely some of them, at least, were friends and acquaintances of Maddox and of the witnesses. It is not an easy matter to convict a fellow resident, sixty-one years of age, of the crime of fondling a child ten years of age with sexual or licentious intent. The jurors personally observed the witnesses while they were testifying, including Maddox himself. The jurors were in much better position to pass upon the credibility of the witnesses and the accuracy of their testimony, and draw the correct meaning from the evidence, than are the members of this Court. We think the guilt or innocence of Maddox was a question for the jury.

■■ ■ It is contended that the State was permitted to attack the credibility of one of its own witnesses, which action constituted reversible error. What happened was this: Two witnesses, testifying for the State, did not agree upon what they saw and heard—in other

words, they were not in accord as to details. Their use as witnesses, under such circumstances, did not constitute an attack on the credibility of the witnesses. Seldom do witnesses agree upon every detail. Indeed, their failure to do so is often strong evidence each is trying to accurately portray the situation as he saw it, and that is to the credit, rather than the discredit, of the witnesses. Manning v. State, 188 Miss. 393, 195 So. 319. In addition, no objection was made to the testimony of either witness on the stated ground. Maddox had a fair trial.

Affirmed.

*Kyle, Arrington, Ethridge* and *Gillespie*, JJ., concur.