This is an indictment for perjury. Appellant was convicted and sentenced to the state penitentiary. Although the proceedings were irregular, we feel forced to affirm.
Appellant was first convicted in a prosecution for illegal possession of narcotics. Brewer v. State, 228 So.2d 582 (Miss. 1969). In that case a note listing certain items to be obtained (including narcotics) was alleged to have been written by appellant. He denied ever seeing the list. Because of this statement, he was indicted.
The State first introduced a handwriting expert who testified that a list of items, admittedly made by appellant, was written by the same person who wrote the questioned document.
The State also introduced the transcript of appellant's evidence given in the first case and identified as correct by the court reporter.
Afterwards, the State introduced the indictment of appellant in the first case, and the minutes of the circuit court showing his trial and conviction on that charge in the circuit court.
Then, to sustain the charge of materiality and falsity of appellant's testimony, and to corroborate State's one witness, there was introduced, after identification and proof of accuracy, the transcript of the evidence of all the witnesses in the first trial, including the evidence given by appellant's wife in his defense. This entire transcript was read to the jury.
No objection was made to the introduction and reading of the transcript to the jury.
No question thereto was in the motion for a new trial, nor is any in the assignment of error filed here.
The right of confrontation by witness may be waived. 16 C.J.S. Constitutional Law § 89, p. 263 (1956); 23 C.J.S. Criminal Law § 1009, pp. 1065-1069 (1961).
Competency of the wife may be waived. See Huff v. State,176 Miss. 443, 169 So. 839 (1936). As shown by the opinion, the statute, when that case was decided was in all essential matters the same as the present, Section 1689, Mississippi Code of 1942 Annotated (1956). The husband was charged with stealing money from his wife. We quote:
 At the conclusion of the state's evidence, for the first time the appellant made a motion to the effect that the appellant should be discharged because of the incompetency of Mrs. Myra Huff's testimony. This motion was by the court overruled, and thereafter the appellant testified and denied taking the money as charged.
 Motion for a new trial was made, but it appears that the attorney for the appellant failed to appear and make argument to sustain the motion, and it was overruled by the court.
 Had an objection been seasonably and properly interposed, it would have been error to admit Mrs. Huff's testimony upon a charge of larceny against her husband. The appellant was not charged with assault and battery upon his wife, and was not being tried for that offense.
 It has been held in a number of cases that a wife is not competent to testify against her husband in a charge of crime, unless it is a personal assault upon her or an offense against her person. The words in the statute, section 1528, Code 1930, are: "Husband and wife may be introduced by each other as witness in all cases, civil or criminal, and *Page 781 
shall be competent witnesses in their own behalf, as against each other, in all controversies between them. But in all other instances where either of them is a party litigant the other shall not be competent as a witness and shall not be required to answer interrogatories or to make discovery of any matters involved in any such other instances without the consent of both." The words "in all controversies between them" do not apply to offenses against the law of the state under the criminal law, except where the evidence would be competent in a suit for personal violence or injury. See Finklea v. State, 94 Miss. 777, 48 So. 1; Pearson v. State, 97 Miss. 841, 53 So. 689; Doss v. State, 156 Miss. 522, 126 So. 197; and State v. McMullins, 156 Miss. 663, 126 So. 662, 663.
 Whenever witnesses are offered in court who are incompetent, objection as to their competency should be made before the reception of the evidence, and certainly before the conclusion of the evidence for the state, so that the trial judge might decide that question at once. If a party does not object to the competency of a witness when presented, such objection is waived if the party knew of the facts constituting this incompetency at the time the evidence was offered. If he does not then object he, in effect, consents, and he will not be permitted to experiment with the evidence and see whether it is helpful or hurtful to him, and then later to move to have such evidence excluded, provided the facts constituting incompetency were then known. (emphasis added). 176 Miss. at 446-447, 169 So. at 840.
In Clark v. State, 181 Miss. 455, 180 So. 602 (1938), the husband was prosecuted for wilful neglect to support minor children. This case was prior to the amendment of the statute by Chapter 236, Laws of Mississippi 1954 and prior to 1954, the statute did not contain the words that such a prosecution should be deemed a controversy between husband and wife. Our Court said, after reciting that the wife was called in rebuttal and that the husband had verbally agreed to her testifying:
 But appellant says that neither he nor his counsel had the legal right to waive such objection, for the reason that the public is also interested in maintaining the peace and sanctity of the marital relation, citing Corpus Juris and textwriters on the law of evidence. Our statute, however, section 1528, Code 1930, provides that either the husband or the wife may testify in any proceeding, whether civil or criminal, where both consent thereto; and in the case of Huff v. State, 176 Miss. 443, 169 So. 839, the defendant was held to have waived the right to object to his wife's testifying against him where he was being tried on an indictment for the larceny of her property.
 We are therefore of the opinion that such errors as may have been committed on the trial would not justify a reversal of the case, and that the evidence was sufficient to warrant the jury in finding that the appellant had willfully neglected to provide for the support and maintenance of his children, even if he had not actually deserted them, in violation of the statute in question. 181 Miss. at 463-464, 180 So. at 604.
With all the testimony in evidence, we think there was sufficient evidence to sustain the falsity and materiality of the statement, and that the record shows sufficient facts to meet the requirement for two witnesses, or one witness and corroborating circumstances. Corroboration may be by circumstances. 70 C.J.S. Perjury § 70(2) p. 541 (1951). See also 70 C.J.S. Perjury § 70 (1969 Pocket Part).
Appellant assigns as error, the giving of an instruction submitting to the jury the question as to whether the evidence given by appellant in the first case was material, and says that the question of materiality was for the court. It is true that *Page 782 
the question of whether the statement was material is for the court. In Cothran v. State, 39 Miss. 541 (1860), the Court held that an instruction submitting this question to the jury was error. However, there were several other material errors in another instruction, and that case was reversed on all of these errors.
In Saucier v. State, 95 Miss. 226, 48 So. 840 (1909), an instruction was also given submitting the question as to whether the evidence was material to the jury. The Court held that while this instruction was not correct, yet it was not such an error as to require a reversal. As a matter of fact, it would appear to us, especially since the Court would have the right on motion for a new trial to review the instruction, that this would be more favorable to the defendant than to the State.
We have some decisions holding that the record of the previous trial is admissible. A reading of Polk v. State, 204 Miss. 538,37 So.2d 761 (1948) will show that this is not for the purpose of using the transcript of the testimony of the witnesses against the defendant, but that such parts of the record can be introduced as are essential to prove the judicial proceeding, in the course of which the alleged perjury was committed, and to show that the alleged perjury was committed on the trial of a case in a court of record having jurisdiction of the matter; and for that purpose, the record is necessary unless waived.
In Whittle v. State, 79 Miss. 327, 30 So. 722 (1901), on the trial of a charge of perjury, the clerk of the circuit court testified, without objection, that the trial was had at a regular term of the circuit court. Although objection was not made, the court held that this evidence was not sufficient to establish the trial in a duly constituted court; but, it was essential to prove these facts by the record of the case. The Court said in thePolk case that it was essential to prove by the court minutes and the record of the trial, if in existence, that the defendant was tried at a regular term of the circuit court, on an indictment against him for murder, and that it can be proved in no other manner.
We do not think that these cases would authorize the introduction of hearsay or ex parte evidence of a witness as testimony without confrontation in the case on trial. No special circumstances are shown which would permit the use of this as evidence, if any special circumstance might so permit. However, in the absence of objections thereto, we can only affirm.
Affirmed.
GILLESPIE, P.J., and RODGERS, BRADY and INZER, JJ., concur.