291 So.2d 727 (1974)
In re In the Interest of William WISE, a child.
No. 47734.
Supreme Court of Mississippi.
March 11, 1974.
Rehearing Denied April 8, 1974.
Firnist J. Alexander, Jr., Jackson, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy, Special Asst. Atty. Gen., Jackson, for appellee.
ROBERTSON, Justice:
William Wise, a minor 13 years of age, was found to be a delinquent child and was committed to the Columbia Training School "until such time as said institution feels that said child has been reformed and rehabilitated," by the Youth Court of Choctaw County.
The Petition on which the court acted was prepared and sworn to by the District Attorney and the County Attorney. In the Petition, Wise was charged with using "vulgar, profane, indecent, obscene, and insulting language over a telephone by calling and talking with a young girl". The Petition stated the exact language used and the time as being between 3:00 and 3:15 p.m. on Wednesday afternoon, February 14, 1973.
After a full hearing at which William Wise, the minor; his natural mother, Mary Annice Lee; his stepfather, Shirley Lee; and his attorney, Firnist J. Alexander, Jr. were present and participating in his defense, the Chancellor as Youth Court Judge found Wise to be a delinquent and committed him to Columbia Training School.
*728 Wise has assigned as error:
1. Lack of proper and timely notice to him and his parents;
2. Denying him due process of law by failing to suppress statements which Wise charges were the result of deprivation of his privilege against self-incrimination;
3. A denial of due process of law because the State failed to produce competent evidence and failed to establish the offense beyond a reasonable doubt;
4. Denial of due process of law in that he was not confronted at the hearing by the accusing witness, a young girl;
5. A denial of due process of law because the State failed to prove venue of the offense.
Errors 1 and 5 will be discussed together. The petition to adjudge William Wise a delinquent was filed on February 22, 1973. The petition stated that William Wise was a resident of Choctaw County and lived with his mother, Mary Annice Lee, and his stepfather, Shirley Lee. The petition, after stating the exact words used, alleged that this conversation originated and was transmitted in Choctaw County, Mississippi. The petition prayed that summons issue for William Wise, the minor, his said mother, Mary Annice Lee, and his said stepfather, Shirley Lee, commanding each of them separately and individually:
"[T]o be and to appear before the Youth Court of Choctaw County, Mississippi, on the date and time and at the place specified and ordered by this Honorable Court for the hearing of this said Petition to show cause, if any they can, why this said child, William Wise, ought not to be adjudged a delinquent child so that he may then be dealt with by this Honorable Court according to law, which said summonses, or processes, are to be served by the Sheriff of Choctaw County, upon this said child, his said mother and his said step-father, not less than three (3) days prior to the date and time determined and set by this Court in its Fiat for the hearing of this said Petition."
Summons was issued by the Chancery Clerk of Choctaw County, Mississippi, on February 26, 1973, to the Sheriff of Choctaw County. The summons recited:
"You are hereby commanded to summon:
1. WILLIAM WISE, a child;
2. MARY ANNICE LEE, mother of the said William Wise
3. SHIRLEY LEE, step-father of the said William Wise
all of the above live at Route 1, Box 73, Ackerman, Mississippi 39735
if to be found in your County, to be and to appear before the Youth Court of Choctaw County, in the State of Mississippi, at a special session of said Court to be held in the Choctaw County Courthouse located in the Town of Ackerman, County of Choctaw, State of Mississippi, at 9:00 o'clock a.m. on Monday, the 12th day of March, A.D., 1973, at which date, time, and place Chancellor Robert Prisock will preside and sit as Youth Court Judge, then and there to plead, answer, or demur to the Petition of Thomas A. Coleman, District Attorney, and James D. Dobbs, Choctaw County Prosecuting Attorney, filed IN THE INTEREST OF WILLIAM WISE, a child, filed in Cause No. 76, to show cause, if any they can, why said child, William Wise, ought not to be adjudicated a delinquent child and dealt with according to law. And, also, to have then and there this Writ."
The sheriff's returns showed that he personally served a separate copy of the summons on William Wise, Mary Annice Lee, and Shirley Lee, on March 1, 1973.
*729 The hearing was held at 9 o'clock A.M. on Monday, March 12, 1973, at the Choctaw County Courthouse in Ackerman, Mississippi, in strict accord with the summons.
After the hearing the Chancellor took the matter under advisement and entered a decree on March 21, 1973. Among other things the Chancellor found and adjudged:
"That William Wise is a negro male child, 13 years of age, having been born on April 24, 1959; that he has a fixed place of residence with his natural mother, Mary Annice Lee, and his stepfather, Shirley Lee, on Route 1, Box 73, Ackerman, Choctaw County, Mississippi.
"The custody, care and control of this said child, William Wise, is in and with his said natural mother, Mary Annice Lee, and his said stepfather, Shirley Lee."
Personal service of process was had on William Wise, the minor, his natural mother and his stepfather, eleven days before the time set for hearing. We are of the opinion that this was adequate and timely notice and afforded the minor, his parents, and his attorney full time to prepare for the hearing. The record fully supports the finding and adjudication of the Chancellor that the Youth Court of Choctaw County had venue and jurisdiction.
The appellant contends that the court erred in failing to suppress his statements because at the time he made them he had been deprived "of his privilege against self-incrimination". Choctaw County Sheriff Joe Jones testified that he talked with William in front of his home and that before questioning him he advised him of all of his Constitutional rights. The record clearly reflects that Wise was advised of all of his Constitutional rights required under Miranda. On cross-examination by Wise's attorney, the sheriff further testified:
"Q What was the first question that you asked him after you gave him his rights? What was the particular question that you asked him?
"A I said, `I want to talk to you'. I did not want to ask him did he call so and so.
"Q What, exactly, was the first thing that he answered you?
"A He said, `I want to tell you the truth. You have got me.' I said, `Got you?' And he said, `Yes, I called Kathy Wells and told her not to wear any pants, to wear a dress and to spread out her legs or I would kill her.'
"Q Did he seem upset?
"A No.
"Q Was he smiling?
"A Yes. He did not get mad. He was not ugly. His mother and stepdaddy was nice."
On direct examination, the sheriff testified:
"Q. Did he make any other statement about what he intended to do the next day?
"A. Yes, sir. He said that he intended to get her in the gym and rape her and kill her.
"Q. When did he tell you that?
"A. That same night.
"Q. Did he name the girl that he made these threats to?
"A. Yes, sir, Kathy Wells.
"Q. He said that he was going to rape her in the gym at school?
"A. Yes, sir, and kill her.
"Q. Did he give any reason?
"A. No, sir."
The Supreme Court of North Carolina in State v. Dawson, 278 N.C. 351, 180 S.E.2d 140 (1971), stated the general rule, with reference to whether a minor can *730 waive his right against self-incrimination, in these words: "A confession is not rendered involuntary merely because the person making it is a minor." After mentioning the "totality of circumstances" rule, the Court continued, quoting from People v. Lara, 67 Cal.2d 365, 62 Cal. Rptr. 586, 432 P.2d 202 (1967):
"[A] minor has the capacity to make a voluntary confession, even of capital offenses, without the presence or consent of counsel or other responsible adult, and the admissibility of such a confession depends not on his age alone but on a combination of that factor with such other circumstances as his intelligence, education, experience, and ability to comprehend the meaning and effect of his statement." 180 S.E.2d at 147. (Emphasis added).
See Also 87 A.L.R.2d 624 (1963).
It is our opinion that Wise fully understood his rights and that his statement was freely and voluntarily made after his Constitutional rights were explained to him.
Appellant also contends that he was denied due process of law because the accusing witness, a young girl, was not present at the hearing and did not testify. Appellant also contends that aside from Wise's confession, that Sheriff Jones' testimony was hearsay as to the exact words used. Even though appellant was represented at the hearing by counsel of his own choosing, no objection to the testimony, as being hearsay, was made; neither was a request of any kind made for Kathy Wells to testify. No objection or statement of any kind was made that the appellant was being denied the right of confrontation or cross-examination.
This Court said in Brewer v. State, 233 So.2d 779 (Miss. 1970):
"The right of confrontation by witness may be waived. 16 C.J.S. Constitutional Law § 89, p. 263 (1956); 23 C.J.S. Criminal Law § 1009, pp. 1065-1069 (1961)." 233 So.2d at 781.
23 C.J.S. Criminal Law § 1009, has this to say with reference to the waiver of the right to confrontation:
"Since the right to be confronted by witnesses against him is a personal privilege, accused may waive the benefit of a constitutional or statutory right of being confronted with, or of meeting face to face, witnesses against him by express consent, as where accused consents to the reading of testimony or depositions taken elsewhere or of testimony given at a preliminary examination or at a former trial; by a failure to assert the right in apt time; or by other conduct inconsistent with a purpose to insist on it." 23 C.J.S. at 1066-1067. (Emphasis added).
This rule of waiver is based on sound reasoning. It might be that it was a part of defense counsel's trial strategy or tactics not to ask for confrontation. In any event, appellant and his counsel cannot ambush the trial judge and contend in this Court for the first time that the trial judge was in error for something that he was not given a chance to rule on or correct.
In addition to a valid confession from the appellant, Mary Annice Lee, his mother, who was the only witness offered for the defense, testified, on direct examination by defense counsel:
"And Mr. Joe come back in the house and brought William in and said, `William, tell your mother what you did'. And he said, `I called a girl and I told her I was going to kill her.' And I said, `How could you do that?' And he just set there and looked at me. And he said, `I have got to arrest him'. And I said, `If you have got to do it, you have got to do it.'"
We think that the appellant waived his right to confrontation by the accusing witness, a young girl, by making no mention *731 or request of any kind for her personal appearance at the hearing.
The Youth Court Judge was justified in finding from the testimony beyond a reasonable doubt that William Wise was a delinquent and in committing him to Columbia Training School until he is rehabilitated.
The judgment is, therefore, affirmed.
Affirmed.
GILLESPIE, C.J., and SMITH, WALKER and BROOM, JJ., concur.