WALKER, Presiding Justice,
for the Court:
The appellant brought this action in the Chancery Court of Pike County seeking modification of a divorce decree. She peti *1373 tioned for custody of the parties’ minor child, Benjamin Dewain Jones, and an award of child support payments.
The record discloses that the parties were divorced on August 23, 1979. Mr. Jones was given custody of the minor child while Mrs. Jones was given reasonable visitation rights. Since the divorce, both parties have remarried. The appellant has joined the Air Force and now resides in New Mexico with her current husband. The appellee still lives in Pike County.
The appellee filed a motion to dismiss, alleging that the entire complaint was based upon privileged communications between the appellee and his present wife, Diamond Jones. The chancellor overruled the motion to dismiss but entered an order that Diamond Jones would not be compelled to testify. Thereafter, the appellant’s attorney refused to proceed with the trial and the case was dismissed with prejudice.
The appellant perfected an appeal to this Court and assigns as her only error that the chancery court erred in refusing to allow Diamond Jones, wife of the appellee, as a witness on the grounds of marital privilege.
The only evidence in the record that discloses the nature of Diamond Jones’ proposed testimony is an affidavit signed by her, which states in pertinent part:
That she is the wife of Herschel Jones and that on at least three separate occasions during their two year marriage, her husband has blackened her eyes. He has grabbed, jerked, pushed, shoved, and knocked her down. He does this when he is in a rage. Also, he has punched holes in the plasterboard walls, has kicked cabinet doors, overturned kitchen table and thrown applicances (sic). He claims this is his alternative to venting his anger on affiant. All of this violent behavior has taken place in the presence of his son Benji.
At common law neither spouse could testify against the other, except in a prosecution for personal violence. State v. McMullins, 156 Miss. 663, 126 So. 662, 663 (1930). This rule has been altered by statute and the competency of a spouse to testify is today governed by Mississippi Code Annot-ed section 13-1-5 (Supp.1983), which provides that:
Husbands and wives may be introduced by each other as witnesses in all cases, civil or criminal, and shall be competent witnesses in their own behalf, as against each other, in all controversies between them. Either spouse is a competent witness and may be compelled to testify against the other in any criminal prosecution of either husband or wife for a criminal act against any child, for contributing to the neglect or delinquency of a child, or desertion or nonsupport of children under the age of sixteen (16) years, or abandonment of children. But in all other instances where either of them is a party litigant the other shall not be competent as a witness and shall not be required to answer interrogatories or to make discovery of any matters involved in any such other instances without the consent of both.
Clearly, this case does not involve a criminal prosecution of either spouse. Accordingly, Mrs. Jones’ testimony would fall within the statutory exceptions only if this action involves a controversy between her and her husband.
In Maiben v. State, 405 So.2d 87 (Miss.1981), the defendant was accused of murdering his father-in-law. At trial, his wife testified that he shot her father and then assaulted and threatened to kill her. Upon conviction, the defendant appealed and assigned as error the fact that his wife was allowed to testify against him. This Court held that the husband’s simultaneous assault on his wife at the time of the murder constituted a “controversy” under the statute and rendered the wife competent to testify, provided she was willing.
The appellee in the instant case is accused of assaulting his wife in the presence of his minor child on the occasions in question. While the assaults in Maiben were closely related to the crime, the assaults in this case actually form the basis of the lawsuit. These actions therefore constitute a “controversy” between Mr. Jones and his current wife under section 13-1-5. Although *1374 Mrs. Jones could not be compelled to testify in the present action against her husband, she would, if willing, be competent to testify as to his acts of violence on the occasions in question.
Therefore, the case must be reversed and remanded.
REVERSED AND REMANDED.
PATTERSON, C.J., BROOM, P.J., and ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.