Frank Newton ALBRIGHT, Appellant,

v.

UNITED STATES of America, Appellee.

No. 25621.

United States Court of Appeals Fifth Circuit.

Nov. 8, 1968.

Johnnie Abercia, Houston, Tex., for appellant.

James R. Gough, Asst. U. S. Atty., Houston, Tex., for appellee.

Before ALDRICH\*, GODBOLD and DYER, Circuit Judges.

PER CURIAM:

Albright was tried and convicted by a jury of taking $848.00 from an employee of a savings and loan association which was insured by the Federal Savings and Loan Insurance Corporation, in violation of Title 18 U.S.C.A. § 2113(a). The only question which merits consideration is whether some of the stolen money and travellers' checks obtained by a search without a warrant of Albright's motel room should have been suppressed.

Acting upon information that one "Floyd Jones" had been passing stolen travellers' checks, officer Burgess, a Las Vegas detective, went to the El Cortez Motel where some of the checks had been cashed. Burgess obtained a description of Jones from the cashier. The bell captain informed Burgess that Jones had checked out shortly before Burgess' arrival and had taken a cab to the airport. The cab driver that had picked up Jones at the El Cortez was contacted and it was discovered that instead of going to the airport Jones had been taken to the Topper Motel. Burgess immediately went there, gave the manager a description of Jones and was told that Jones had just arrived by cab and checked into room 122 under the name of Roy Miller. Burgess went to the room and entered with a passkey. He found Albright on the bed. After being asked his name three times he finally said it was Albright. He said he had no identification. In a wallet taken from Albright's trousers lying on the bed there were identification cards in the names of Frank Albright, Floyd Jones and Donald Walker. Albright was then placed under arrest and the room was searched. Some of the stolen travellers' checks were found in Albright's bag.

Assaying the "total atmosphere of the case," United States v. Rabinowitz, 1950, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653—the identification of the stolen money orders passed by Albright as Floyd Jones at the El Cortez, his pretended departure for the airport, his registration at the Topper under the name of Miller—we hold was probable cause for Albright's arrest and justified the search without a warrant. We have no doubt that a search warrant would have issued if Burgess had interrupted his investigation, but this might well have afforded an opportunity to the highly mobile Albright to have gotten to the airport after all. See Holt v. Simpson, 1965, 7 Cir., 340 F.2d 853.

Affirmed.