ROBERTSON, Justice:
Appellant, Don Forrest Brewer, was convicted of the illegal possession of narcotic drugs in the Circuit Court of Harrison County, Mississippi. He was sentenced to pay a fine of $2,000. From this judgment he appeals.
The only error assigned that merits discussion is that the affidavit for the search warrant and the search warrant were unlawful and illegal and that the court erred in allowing these instruments to be introduced into evidence.
On the morning of April 22, 1968, after arresting Isaac Reno Gatwood, Cleveland Goff and Sharon Hebert, who had been involved in the burglary of Petal Drug Company, Petal, Mississippi, the night before, and after questioning these three accused, the chief deputy sheriff of Harrison County, Junie Tiblier, swore out an affidavit for a search warrant to search Room 10, Sunset Motel, which room was rented and occupied by the appellant, Don Brewer.
Some goods stolen from the Petal Drug Company had already been recovered from Gatwood, Goff and Hebert, and Gatwood had informed Deputy Sheriff Tiblier that the remainder of the stolen goods were in a blue suitcase in Room 10, Sunset Motel, in the possession of Don Brewer. Deputy Sheriff Tiblier based his affidavit on this information. A search warrant was issued by Justice of the Peace Duckworth.
The affidavit and search warrant were very sketchily and carelessly drawn. Although there was a space provided for the name of the state in the search warrant, this space was not filled in, and nowhere in the search warrant was the name of the state included.
Even if it be conceded that the affidavit and search warrant were insufficient, still the conviction and sentence would not fail.
Section 2470 Mississippi Code 1942 Annotated (1956) provides:
“An officer or private person may arrest any person without warrant, for an indictable offense committed, or a breach of the peace threatened or attempted in his presence; or when a person has committed a felony, though not in his presence; or when a felony has *584 been committed, and he has reasonable ground to suspect and believe the person proposed to be arrested to have committed it * * (Emphasis added).
We agree with the trial judge that when Gatwood, one of the actual burglars, told Sheriff Tiblier that the rest of the stolen goods and drugs were in Don Brewer’s room in the Sunset Motel, Tiblier had reasonable ground to suspect and believe that Don Brewer had committed the felony of illegal possession of narcotic drugs, and had the right to arrest Brewer and search his motel room as an incident of a valid arrest.
The United States Court of Appeals (5th Circuit recently decided that a search of a suspect’s motel room for stolen money and travelers’ checks, which search was made without warrant but incident to a lawful arrest, was valid and the evidence obtained thereby should not be suppressed. In Albright v. United States of America, 402 F.2d 862 (1968), the Court stated the pertinent facts in this way:
“Burgess went to the room and entered with a passkey. He found Albright on the bed. After being asked his name three times he finally said it was Al-bright. He said he had no identification. In a wallet taken from Albright’s trousers lying on the bed there were identification cards in the names of Frank Albright, Floyd Jones and Donald Walker. Albright was then placed under arrest and the room was searched. Some of the stolen travellers’ checks were found in Albright’s bag.” 402 F.2d at 863.
The Court then ruled:
“Assaying the 'total atmosphere of the case,’ United States v. Rabinowitz, 1950, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653—the identification of the stolen money orders passed by Albright as Floyd Jones at the El Cortez, his pretended departure for the airport, his registration at the Topper under the name of Miller — we hold was probable cause for Albright’s arrest and justified the search without a warrant. We have no doubt that a search warrant would have been issued if Burgess had interrupted his investigation, but this might well have afforded an opportunity to the highly mobile Albright to have gotten to the airport after all. * * * ” 402 F.2d at 863.
After arresting Brewer at the door to his motel room, a search of the room was immediately made. Under the only bed in his room, a small blue suitcase was found. In that suitcase were many bottles of narcotic drugs along with ladies wrist watches in their original display boxes. These bottles of drugs were later identified as being some of those stolen from Petal Drug Company. The very person arrested, Don Forrest Brewer, had committed the crime of illegal possession of narcotic drugs, and these drugs were found in his motel room, which room was under his control and occupied by him at the very time he was arrested and the drugs found.
The case of Chimel v. State of California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), is not in conflict with this opinion. There the officers searched the entire three-bedroom house, including the attic, the garage, and a small workshop. The Court said:
“The search here went far beyond the petitioner’s person and the area from within which he might have obtained either a weapon or something that could have been used as evidence against him. There was no constitutional justification, in the absence of a search warrant, for extending the search beyond that area. * * *” 395 U.S. at 768, 89 S.Ct. at 2043, 23 L.Ed. at 697.
Here the search was confined to the single motel room rented and actually occupied by the appellant.
The attorney general contends in a Cross-Assignment of Error that “The Trial Court committed error by failure to impose the mandatory prison sentence provided for in Section 6866, Mississippi Code of 1942, Annotated, Recompiled.”
*585 Section 6866 provides in part:
“(a) Except as otherwise provided in subsection (b) of this section, any person who violates any provision of this act shall, upon conviction, be fined not more than two thousand dollars ($2,000.00) and be imprisoned not less than two (2) years or more than five (5) years. * * ” § 6866 Miss.Code 1942 Ann. (Supp.1968). (Emphasis added).
Under this statute, in addition to a fine, a prison sentence is mandatory.
The judgment of conviction is, therefore, affirmed; but the case is remanded for the imposition of a legal sentence in accordance with the provisions of Section 6866 Mississippi Code 1942 Annotated (Supp.1968).
Conviction affirmed, but cause remanded for imposition of legal sentence.
GILLESPIE, P. J., and JONES, PATTERSON and INZER, TJ-, concur.