405 So.2d 87 (1981)
Leroy James MAIBEN
v.
STATE of Mississippi.
No. 52774.
Supreme Court of Mississippi.
October 14, 1981.
Louis Fondren, Pascagoula, for appellant.
Bill Allain, Atty. Gen. by Frankie Walton White, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
WALKER, Justice, for the Court:
On August 25, 1980, Leroy James Maiben was found guilty of murder in the Circuit Court of Jackson County, Mississippi. Maiben appeals from this conviction contending:
(1) That the verdict of the jury was against the overwhelming weight of the evidence; and
(2) That the court erred in allowing the defendant's wife to testify against the defendant after the defendant's counsel raised a proper objection to her competency. Further, the court failed to grant defense counsel's motion for mistrial due to the admission of this incompetent witness' testimony. We affirm.
On March 8, 1980, in Moss Point, Mississippi, Reverend Melvin Leroy Kirkland was in his living room watching television while his daughter, Dorothy Maiben, was preparing lunch in the kitchen. Leroy James Maiben, Dorothy's husband, had been trying to persuade her to go to the bedroom so he could talk to her. She assured him several *88 times they would talk after lunch. Soon afterwards, from the living room, Dorothy heard her husband say, "hey," ... "hey, you are first." Whereupon there was a gunshot. She ran immediately to the living room and exclaimed, "oh, you shot my daddy, why did you do it", and her husband answered, "yes, and you are next." Mrs. Maiben went for the shotgun, a scuffle ensued in which Maiben began hitting his wife in the area of her head and ordering her to shutup. During this exchange, the shotgun went off again, apparently through the screen door. When Mrs. Maiben was successful in wrestling the gun from her husband, she fled her house to that of the neighbor's. When the police arrived she handed them the shotgun and learned that her husband had gone. A man identified as Maiben was seen walking two blocks from the Maiben home by an officer of the Moss Point Police Department in route to investigate the incident. Freddie Gray, Mrs. Maiben's nephew and Reverend Kirkland's grandson, recounted a telephone conversation with the defendant the day before the shooting in which Gray had commented about going to Philadelphia, Mississippi, with his grandfather the next day. To this, the defendant replied: "Pappa's not going with you tomorrow ... watch what I tell you, he's not going."
The defendant claimed the struggle between the two was due to her refusal to sell the shotgun and pay the utility bill. Upon emerging from the bedroom, "She grabbed the gun and started wrestling with me." The gun went off once, they continued struggling to a point near the front door when the gun fired again. Maiben then surrendered the gun and left the house. He testified his back was to Kirkland and never knew that his father-in-law had been shot.
When Maiben departed he did not stop until he reached Florida where he was arrested two months later, neither informing his wife nor packing any clothes.
Dr. James Logan Stith testified the cause of death was asphyxia from the aspiration of blood into the lungs as a result of a gunshot wound at close range.

PROPOSITION I

THAT THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
This assignment of error is void of any authority to support appellant's assertion and he relies solely on the conflict in his and his wife's account of what happened and his lack of motive to shoot his father-in-law.
The law is well settled in this State that motive is not an essential element in a conviction for murder. Freeman v. State, 228 Miss. 687, 89 So.2d 716 (1956); Barnett v. State, 232 Miss. 208, 98 So.2d 656 (1958); Swanson v. State, 218 Miss. 103, 65 So.2d 232 (1958).
We have held in numerous cases that the jury is the sole judge of the credibility of the witnesses and the weight to be attached to their testimony. We have further said that we will not set aside a guilty verdict, absent other error, unless it is clearly a result of prejudice, bias or fraud, or is manifestly against the weight of credible evidence. Cromeans v. State, 261 So.2d 453 (Miss. 1972); Marr v. State, 248 Miss. 281, 159 So.2d 167 (1963); and Freeman v. State, supra.

PROPOSITION II

THAT THE COURT ERRED IN ALLOWING THE DEFENDANT'S WIFE TO TESTIFY AGAINST THE DEFENDANT BECAUSE THE DEFENDANT'S COUNSEL RAISED A PROPER OBJECTION TO HER COMPETENCY. FURTHER, THE COURT FAILED TO GRANT DEFENSE COUNSEL'S MOTION FOR MISTRIAL DUE TO THE ADMISSION OF THIS INCOMPETENT WITNESS' TESTIMONY.
The facts of this case present a case of first impression before this Court.
A comprehensive history of the competency of one spouse to be a witness against the other in a criminal prosecution can be found in Merritt v. State, 339 So.2d 1366 *89 (Miss. 1976) and Trammel v. United States, 445 U.S. 40, 100 S.Ct. 906, 63 L.Ed.2d 186 (1980).
The competency of a husband and wife as a witness against each other in this State is governed by Mississippi Code Annotated section 13-1-5 (1972) which provides:
Husbands and wives may be introduced by each other as witnesses in all cases, civil or criminal, and shall be competent witnesses in their own behalf, as against each other, in all controversies between them. A criminal prosecution of either husband or wife for contributing to the neglect or delinquency of a child or desertion or nonsupport of children under the age of sixteen (16) years or abandonment of children shall be deemed controversies between husband and wife for the purpose of this section. But in all other instances where either of them is a party litigant the other shall not be competent as a witness and shall not be required to answer interrogatories or to make discovery of any matters involved in any such other instances without the consent of both.
The testimony showed that the appellant, Leroy Maiben, and his wife, Dorothy Maiben, were married and living together at the time of the killing involved in this case. The record also reveals that Dorothy Maiben was willing to testify against the appellant. The appellant made a timely objection to her testifying, giving as his reason that section 13-1-5 made her an incompetent witness without his consent, as well as her's. The appellant places emphasis on that part of the statute which reads: "... where either of them is a party litigant the other shall not be competent as a witness and shall not be required to answer interrogatories or to make discovery of any matters involved in any such other instances without the consent of both." (Emphasis added). However, the appellant has passed over too hastily the first sentence of the statute which has a significant bearing on this case. That sentence reads: "Husbands and wives may be introduced by each other as witnesses in all cases, civil or criminal, and shall be competent witnesses in their own behalf, as against each other, in all controversies between them." (Emphasis added).
The precise question then is whether the nearly simultaneous assault upon Mrs. Maiben by her husband and his threat to kill her "next" on the occasion that he shot and killed Reverend Kirkland, her father, is such a controversy between them as to make her a competent witness, when she is willing to testify, in a criminal prosecution of him for the murder of her father.
We are of the opinion that Mrs. Maiben was a competent witness against her husband, the appellant, under the facts presented.
It is well settled that a wife is competent to testify against her husband for a crime of personal violence committed by him against her. This common law exception is based on the necessity for such testimony. The exception has also been based on the recognition that once violence has been committed by one spouse against the other, the sanctity of the marriage has been destroyed. Thus, the very reason for the privilege no longer exists.
The modern justification for the privilege against adverse spousal testimony is its perceived role in fostering the harmony and sanctity of the marriage relationship. However, when one spouse is willing to testify against the other in a criminal proceeding  whatever the motivation  the relationship is almost certainly in disrepair; and, there is probably little in the way of marital harmony for the privilege to preserve. In these circumstances, a rule of evidence that permits an accused to prevent adverse spousal testimony seems far more likely to frustrate justice than to foster family peace. Trammel v. United States, supra. However, it is not necessary, in this case, to extend the rule that far.
The modern tendency is to relax the old rules of incompetency of witnesses, generally. This tendency is exemplified in many of the modern statutes. It is, in our opinion, contrary to common sense and justice to *90 close the mouth of the only witness in such a case as the present. What is not good sense should not be the law. Merritt v. State, supra.
We, therefore, hold that the continuing acts of violence on the occasion in question involving the shooting of Mrs. Maiben's father by the appellant and the appellant's assault upon her and threat against her life constitutes such a controversy between them that, being willing to testify, she was a competent witness for the State in a prosecution of appellant, her husband, for the death of her father, Reverend Kirkland.
See McRae v. State, 104 Miss. 861, 61 So. 977 (1913) and Merritt v. State, 339 So.2d 1366 (Miss. 1976).
Finding no reversible error, the judgment and sentence of the trial court are affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.