900 So.2d 363 (2003)
Wonda DOE, Appellant,
v.
Gaines L. STEGALL, Individually and d/b/a Nottingham Place Apartments and Betty Stegall, Appellees.
Wonda Doe, Appellant,
v.
Gaines L. Stegall, Individually and d/b/a Nottingham Place Apartments, Nottingham Place Apartments, Gaines W. Stegall and Betty Stegall, Appellees.
Nos. 2001-CA-01674-COA, 1998-CA-01058-COA.
Court of Appeals of Mississippi.
November 18, 2003.
Rehearing Denied February 1, 2005.
Certiorari Denied April 28, 2005.
*364 Shane F. Langston, Rick D. Patt, Jackson, attorneys for appellant.
Jason Hood Strong, and Robert S. Addison, Jackson, Edward C. Taylor, Gulfport, attorneys for appellee.
Before KING, P.J., BRIDGES and THOMAS, JJ.
BRIDGES, J., for the Court.
¶ 1. This case was previously before the Mississippi Supreme Court in the cause styled Doe v. Stegall d/b/a Nottingham Place Apartments, 757 So.2d 201 (Miss. 2000) (hereinafter referred to as "Wonda Doe I"). Doe's only assignment of error addressed the exclusion of Michael Herrin's testimony as evidence of a genuine issue of material fact and she did not attempt to revive the other dismissed allegations of her amended complaint. Therefore, the central issue before the Mississippi Supreme Court in Wonda Doe I and the central issue on the instant appeal is whether Wonda Doe presented evidence *365 sufficient to create a genuine issue of material fact relative to the negligence of defendant Nottingham in allowing the burglar/rapist Michael Herring access to a master key used to enter Doe's apartment.
¶ 2. In Wonda Doe I, the trial court had excluded the deposition testimony of Herrin because it conflicted with an unsworn statement that Herrin had given the police at or around the time of his arrest. Another ground cited by the trial court in support of its exclusion of the testimony was the content of an unauthenticated letter addressed to the trial judge purporting to have been authored by Herrin. The letter appears to have been written in response to an order by the trial judge directing Herrin to produce the master key given to him by Nottingham management and used by Herrin to gain access to Doe's apartment.
¶ 3. Wonda Doe I concluded that the trial court erred in excluding the deposition testimony of Herrin and the case was remanded.
¶ 4. It should be noted here that this case was deflected to this Court considerably past the statutory 270 day deadline, established in Mississippi Code Annotated section 9-4-3, from the Mississippi Supreme Court, without any guilt on the part of this Court.

STATEMENT OF THE ISSUE
WHETHER THE TRIAL COURT ERRED WHEN IT FOLLOWED THE MISSISSIPPI SUPREME COURT'S GUIDANCE AND EXCLUDED MICHAEL HERRIN'S TESTIMONY AFTER HE REFUSED TO SO TESTIFY, THUS MAKING SUMMARY JUDGMENT IN FAVOR OF THE APPELLEES PROPER.

FACTS
¶ 5. The Mississippi Supreme Court's opinion in Wonda Doe I provides a thorough and accurate procedural history and summary of the material facts prior to remand; we now continue. After remand, Nottingham noticed a third deposition of Herrin. At this third deposition, Herrin refused to provide any further substantive testimony and he refused to authenticate or provide any testimony regarding the letter that had been sent to the trial judge. Because of the lack of response from Herrin at the deposition, the trial judge again excluded Herrin's deposition testimony and, therefore, again granted summary judgment in favor of Nottingham. In his memorandum opinion and order, the trial judge stated that it would be unfair to the defendants to subject them to possible damages without an adequate opportunity to confront the witness adverse to them.
¶ 6. It is this second summary judgment that Doe now appeals to this Court.

ANALYSIS
WHETHER THE TRIAL COURT ERRED WHEN IT FOLLOWED THE MISSISSIPPI SUPREME COURT'S GUIDANCE AND EXCLUDED MICHAEL HERRIN'S TESTIMONY AFTER HE REFUSED TO SO TESTIFY, THUS MAKING SUMMARY JUDGMENT IN FAVOR OF THE APPELLEES PROPER.
¶ 7. When reviewing a lower court's decision to grant or deny a summary judgment motion, it is proper to employ a de novo standard of review. Hudson v. Courtesy Motors, 794 So.2d 999, 1002(¶ 7) (Miss.2001) (citing Russell v. Orr, 700 So.2d 619, 622 (Miss.1997)).
¶ 8. The rule in Mississippi is that summary judgments shall be entered by a trial judge "if the pleadings, depositions, answers to interrogatories and admissions on *366 file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." M.R.C.P. 56(c).
¶ 9. It is standard practice that "summary judgment, in whole or in part, should be granted with great caution." Brown v. Credit Ctr. Inc., 444 So.2d 358, 363 (Miss.1983). The moving party has the burden of proving that no triable genuine issue of fact exists, and the non-moving party is given the benefit of reasonable doubt. Tucker v. Hinds, 558 So.2d 869, 872 (Miss.1990). However, the non-moving party cannot just remain silent and do nothing. Newell v. Hinton, 556 So.2d 1037, 1041 (Miss. 1990). He must bring forward "significant probative evidence demonstrating the existence of a triable issue of fact." Id. at 1042.
¶ 10. In Brown, the court explained that while considering the motion for summary judgment, "the trial court must view all the evidence in the light most favorable to the non-movant." Brown, 444 So.2d at 363. Upon this consideration, the motion should be granted if the moving party is entitled to judgment as a matter of law, otherwise it should be denied. Id.
¶ 11. In order to determine whether summary judgment was appropriate in the present case, we examined the pleadings, depositions, admissions, answers to interrogatories, and affidavits to determine whether Doe made a sufficient showing to survive Nottingham's motion for summary judgment. In the present case, the record shows that the Mississippi Supreme Court already decided that Herrin's deposition testimony should be considered to establish a genuine issue of material fact sufficient to defeat the summary judgment. Doe, 757 So.2d at 206(¶ 14). The supreme court reasoned that the jury should determine the weight and reliability to give to Herrin's testimony, notwithstanding that it is riddled with inconsistent and perjured statements.[1]Id. at 205(¶ 12).
¶ 12. After the opinion in Wonda Doe I was rendered, Nottingham's counsel noticed Herrin's deposition in an effort to establish whether Herrin was lying about the key. However, Herrin refused to testify at all, thus prohibiting Nottingham from attempting to elicit facts concerning the key or whether it even existed at all.
¶ 13. We are of the opinion that Wonda Doe I again requires we reverse the summary judgment. In Wonda Doe I, it was decided that if Herrin refused to subject himself to cross-examination concerning his letter to the trial judge, the trial court was not prohibited from excluding his deposition testimony. Id. at 206(¶ 15).
¶ 14. Doe also argues that the trial court committed reversible error by not employing means short of excluding Herrin's testimony such as holding him in contempt. In the opinion of Wonda Doe I, the Mississippi Supreme Court acknowledged the limited means available to the trial court in compelling Herrin's participation in the case. Id. at n. 2.
¶ 15. The credibility of witness testimony is the province of the jury. *367 Jackson v. Daley, 739 So.2d 1031, 1039(¶ 29) (Miss.1999). The Mississippi Supreme Court has "repeatedly held that the jury is responsible for judging the credibility of witnesses and the weight that should be attached to their testimony." Id. (citing Maiben v. State, 405 So.2d 87, 88 (Miss.1981)). We find that Herrin's inconsistent statements point to the weight and credibility to be afforded his testimony which are matters for the jury to determine, all as set forth by the Mississippi Supreme Court in Wonda Doe I, and we therefore, reverse for the purpose of trial before a jury.
¶ 16. Virtually every appellate court in the country has made it clear that witnesses are competent to testify even in the face of numerous inconsistent statements. E.g., United States v. Kelley, 140 F.3d 596, 607 (5th Cir.1998); United States v. Calderon, 127 F.3d 1314, 1325 (11th Cir.1997); United States v. Bedonie, 913 F.2d 782, 799-801 (10th Cir.1990). In the event Herrin appears and testifies, the jury can assess the weight and credibility due his testimony, as to both present and prior inconsistent testimony.
¶ 17. Prior inconsistent statements of a witness can be tested in the courts by both attorneys and the jury. This may be the situation in the case sub judice and an opportunity should be given for such. Also, prior inconsistent statements or testimony may be a product of an unabashed lie, intentional misrepresentation, or the product of a mistake. In any event, the accepted practice for handling this situation is to instruct the jury that inconsistent or contradictory statements of witnesses may be considered by the jury for impeachment purposes or for weighing the credibility of testimony. Finley v. State, 725 So.2d 226, 231 (¶¶ 10-15) (Miss. 1998) (quoting with approval the content of the jury instruction submitted relative to conflicting or prior inconsistent statements of fact witnesses). If a witness has offered prior testimony or statements that conflict with trial testimony then counsel for the interested party is free to introduce such prior inconsistent statements and request an appropriate "impeachment" instruction consistent with the instruction noted in Finley.
¶ 18. The Mississippi Supreme Court, in Rucker v. Hopkins, 499 So.2d 766, 770 (Miss.1986), cautioned that, "[c]ases occur in which the trial judge should permit the issue of liability to be passed upon by a jury even though the evidence is meager and the verdict may be contrary to the overwhelming weight of the evidence." Id. So too here, even if the trial court below questioned the credibility of Herrin and felt that the evidence presented would be meager and possibly insufficient, a summary judgment under Rule 56, of the Mississippi Rules of Civil Procedure, was improper. Rather by following Rucker, the court should have allowed the issue of liability to be deliberated on by the jury and considered the evidence's sufficiency after the verdict.
¶ 19. Neither this Court nor the supreme court of this state can, as appellate courts, require that Herrin testify at a hearing on this matter, but the trial court can apply certain remedies available to it for a witness's refusal to testify in certain instances. The remedies available include: issue an order, hold a show cause hearing, threaten contempt, issue a holding of contempt, or examine the availability of adding incarceration time until contempt is purged. Additionally, the trial court is the forum to determine the truth and veracity of a witness's testimony. Our Rules of Civil Procedure allow the parties much flexibility in securing testimony of witnesses. In certain circumstances, deposition testimony is sufficient. Here, we *368 have an extraordinary circumstance. The trial court must use all remedies available to impress upon Herrin the obligation to testify and testify fully. Whether through a formal preliminary deposition taken in the presence of the trial judge or at the actual trial, Herrin should be compelled to appear and testify in a manner that may be admissible at trial, subject of course to the consideration of appropriate objections. If he fails to testify or to testify fully, the trial judge has the power to apply whatever punitive action is available to him for such enforcement. While we recognize the trial court's attempt to "secure the just, speedy and inexpensive determination" of this action, as required by Mississippi Rule of Civil Procedure 1, we are of the opinion that justice requires further intervention and action by the trial court.
¶ 20. It appears from the testimony given by Herrin in his deposition that he knew the manager, had knowledge of other apartments in the complex and had knowledge of a master key that would unlock all units including the unit in question. Considering the above, an opportunity to explore these matters should be given both parties.
¶ 21. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS ARE ASSESSED TO THE APPELLEES.
KING, P.J., THOMAS, IRVING, MYERS, JJ., CONCUR. GRIFFIS, J., CONCURS WITH SEPARATE WRITTEN OPINION. McMILLIN, C.J., SOUTHWICK, P.J., LEE, AND CHANDLER, JJ., NOT PARTICIPATING.
GRIFFIS, J., concurring.
¶ 22. I concur with the result reached by the majority. However, I write separately because there are additional considerations on remand beyond Herrin's credibility and his prior inconsistent statements.
¶ 23. The admissibility of evidence rests within the sound discretion of the trial court. Johnston v. State, 567 So.2d 237, 238 (Miss.1990). The admissibility of Herrin's testimony, by deposition or otherwise, does not simply rest on an analysis of whether he is a credible witness or has given one or more prior inconsistent statements. There are two other considerations for the circuit judge.
¶ 24. First, the circuit judge must consider whether Herrin can or will testify truthfully as required by Rule 603 of the Mississippi Rules of Evidence, which provides that the witness declare "by oath or affirmation administered in a form calculated to awaken his conscience and impress his mind with his duty to do so." Based on his testimony, there is doubt that Herrin is capable of making such declaration. In his deposition, Herrin testified about the information he could provide to assist the plaintiff:
Q. How can [it] be proven?
A. I can produce the key, as I say.
Q You haven't produced that key yet though, have you?
A. Are we in court yet?
Q. We're in a deposition, this is just like sworn testimony.
A. I understand that.
Q. Under penalty of perjury.
A. I don't have a problem with perjury.

...
A.... My facts are proven and I can document and I will provide that key *369 ifif it goes to trial, I will present the key. If you do not reach out of court settlement I will produce the key and I have it within reach.
Q. You have it within reach?
A. That's right, so... but I'm not going to be intimidated by a Circuit Judge's order or any other order for contempt of court or anything like that because 2016, I might not even be here, so we can lay all the cards on the table....
¶ 25. The deposition testimony contains sufficient evidence to challenge whether Herrin has testified or would testify truthfully at the trial of this case. As the supreme court held in Wonda Doe I, the circuit judge has no obligation to allow perjured testimony before the jury. Doe v. Stegall, 757 So.2d 201, 205 (¶¶ 11-15, fn.2) (Miss.2000). This decision, however, may not be made at a summary judgment stage. Id.
¶ 26. Next, the circuit judge must also consider whether Herrin's cooperation and testimony was given or influenced in exchange for any improper consideration or inducement from the plaintiff, or any person acting on her behalf. Indeed, Herrin's letters cast a dark cloud over the veracity of his deposition testimony. The circuit judge, on remand, must consider whether Herrin's testimony was improperly obtained because Herrin expected the plaintiff's attorneys or their agents to provide Herrin some consideration or influence in return for his cooperation and testimony.
¶ 27. On April 5, 1996, an investigator for the plaintiff's attorneys, attempted to talk to Herrin. Herrin refused to talk. By letter dated September 19, 1996, Herrin wrote a letter to the investigator that, on its face, indicates that Herrin thought he had struck a deal to cooperate in the plaintiff's investigation and provide information in exchange for (a) assistance in resolving a sentencing issue with the prosecutor and judge, and (b) a supply of cigarettes before their next meeting.[2] On October 15, 1996, Herrin again wrote the plaintiff's investigator and reiterated his expectations.[3]
¶ 28. On remand, the circuit judge is required to take the appropriate steps necessary to secure Herrin's testimony before trial or, failing all other alternatives, his attendance at trial. Assuming Herrin testifies, the circuit judge must then address whether Herrin will testify truthfully as required by Mississippi Rule of Evidence 603 or whether his testimony should be *370 excluded under Mississippi Rule of Evidence 403. The circuit judge must also consider whether his testimony was improperly obtained.
¶ 29. The issue on remand goes well beyond mere credibility or inconsistent statements by a witness. Indeed, this case tests our most sacred principlethe truthful testimony of witnesses. It is for the circuit judge to decide whether Herrin's testimony ever comes before the jury.
NOTES
[1] In Wonda Doe I, the Mississippi Supreme Court found it important that Herrin, in his only sworn statement to the court, testified that he had received a key to Doe's apartment from Betty Stegall. Doe, 757 So.2d at 206(¶ 14). It must be noted that in Herrin's third deposition, where he refused to subject himself to cross-examination concerning his contradictory letter to the trial judge, he was asked by Doe's counsel to re-subscribe to the testimony given at his second deposition where he stated he had received the alleged key from Stegall. Herrin refused.
[2] Herrin's letter, dated September 19, 1996, read in pertinent part:

"All I ask of you is to get in touch with Mr. Peters [the District Attorney] and Judge Graves [the sentencing judge] .... if you could arrange this I'd be very grateful and my testimony and proof can win the case for Wonda [the plaintiff]. I would like to give this deposition as soon as possible, but before doing so, I want to meet with you here.... Bring 5 packs of Kool cigs with you. Not the long, but regular size and at this time in person I will give you the information you need.... I will help her get paid and there was no security at all at Nottingham. You just be here by the 26th and with the Kool cigs and some information from Mr. Peters or Judge Graves and we have a deal.... The smokes are important.... There is no doubt I can get you the 2 million!"
(emphasis added).
[3] Herrin's letter, dated October 15, 1996, read in pertinent part:

"you still have the connections to help me and I would not have done the terrible crime I committed against Wonda if I had not been out of my mind on drugs.... It is imperative you and I have a one on one discussion before I give this deposition and I would appreciate (sic) it if you did have a few packs of Kool cigarettes with you when you come."
(emphasis added).