# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

No. 12-60923
Summary Calendar

July 15, 2013

Lyle W. Cayce
Clerk

DERRICK DARNELL PAYNE,

　　　　　　　　　　　　　Plaintiff–Appellant,

versus

BENTON COUNTY; BENTON COUNTY SHERIFF'S DEPARTMENT;
KELLY MCMILLIAN; ALAN THOMPSON; MARSHALL COUNTY;
MARSHALL COUNTY SHERIFF'S DEPARTMENT;
ARNIE A. MCMULLEN,

　　　　　　　　　　　　　Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Mississippi
No. 3:11-CV-136

No. 12-60923

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Derrick Payne appeals a summary judgment and the dismissal of his 42 U.S.C. § 1983 action. He argues that the defendants' prosecution of him for capital murder was malicious because they were allowed to elicit testimony from his wife, Lakentra Payne, in violation of Mississippi's spousal-privilege law; Lakentra's statements were coerced, because Alan Thompson threatened to take away her baby if she did not cooperate; Lakentra could not find the exact location of the victim's body; Thompson did not search for a gun, even though Lakentra told investigators where it was hidden; Payne was prosecuted because he had previously been acquitted for bank robbery in Marshall County; and he was acquitted of the murder charge. Payne maintains that, without Lakentra's testimony, there was no probable cause to prosecute him.

We review the district court's ruling *de novo*, employing the same standard used by that court. *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). Federal law does not recognize an independent constitutional claim of malicious prosecution. *Cuadra v. Hous. Indep. Sch. Dist.*, 626 F.3d 808, 812–13 (5th Cir. 2010); *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003) (en banc). The claimant must instead allege "that officials violated specific constitutional rights in connection with a malicious prosecution." *Cuadra*, 626 F.3d at 812 (internal quotations marks and citation omitted); *Deville v. Marcantel*, 567 F.3d 156, 169 (5th Cir. 2009).

Payne's contention that the spousal privilege barred Lakentra's testimony and that, without her testimony, there was no probable cause to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prosecute him is meritless. That privilege did not apply, because Lakentra testified about events that occurred in the presence of the victim or as to controversies between them. *See Maiben v. State*, 405 So. 2d, 97, 89–90 (Miss. 1981); *Carpenter v. State*, 102 So. 3d 290, 293–94 (Miss. App. 2012). Additionally, there is no evidence that Thompson coerced Lakentra's testimony, and her testimony, which was corroborated in part by the discovery of the victim's remains, provided probable cause to prosecute. *Cuadra*, 626 F.3d at 813. Finally, to the extent that Payne is raising a state-law claim concerning the spousal privilege, it is not cognizable under § 1983. *See Sw. Bell Tel., LP v. City of Hous.*, 529 F.3d 257, 260 (5th Cir. 2008).

    AFFIRMED.